KAISER, Plaintiff and Appellant, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant and Respondent: KAHL, Interpleaded Defendant and Respondent.

*March 7—April 3, 1956.*

528

530

For the appellant there was a brief by *Bloodgood & Passmore, Charles H. Galin,* and *John P. Roemer,* all of Milwaukee, and oral argument by *Mr. Galin.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *James C. Mallien* of counsel, all of Milwaukee, and oral argument by *Mr. Mallien.*

For the interpleaded respondent there was a brief and oral argument by *Norman J. Baker* of Milwaukee.

STEINLE, J.   The crucial question presented is whether, under the allegations of the complaint, the employer, Huebsch Manufacturing Company, was the agent of the insurer, Prudential Insurance Company of America, with respect to the application of the employee, Frank Kaiser, addressed to the insurer through said employer for a change of beneficiary in the group insurance certificate, so as to name the plaintiff, Elizabeth Kaiser, as beneficiary; and as to the representation by the employer to the employee that such change had been effectuated.

The group policy between the employer and the insurer contains the following provision:

"Change of Beneficiary.—Any person insured hereunder may at any time while insured hereunder change his (or her) beneficiary or beneficiaries by written notice through the employer to the company at its home office, on a form furnished by it.   Such change shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his (or her) former beneficiary or beneficiaries shall thereupon cease."

Upon the face of the certificate issued by the insurer to the employee, appears the following provision:

"The beneficiary may be changed in accordance with the terms of the policy by said employee at any time while the insurance on his or her life is in force by notifying the company through the employer. Such change shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his or her former beneficiary or beneficiaries shall thereupon cease."

The group insurance policy also contains the following provision:

"No condition, provision, or privilege of this policy can be waived or modified in any case except by an indorsement hereon signed by the president, one of the vice-presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary, or one of the assistant actuaries. No modification or change shall be made in this policy except such as is in accordance with the laws of the state in which the same is issued. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information."

It is the position of appellant that under the facts alleged in the complaint and in her affidavit, the insured had complied in an exact manner as provided in the certificate for the change of a beneficiary, and that he had done everything that it was possible for him to do in order to effectuate such change. Appellant points out that direct notice to the insurer was not required, and that had such notice been given by the insured, the insurer might well have objected on the ground that the requirements were not fulfilled. Appellant also maintains that once the notice for change had been given by the employee, any transactions with respect to the matter as between the employer and the insurer were beyond his control. Appellant contends further that since the certificate provides that the notice of the change of beneficiary

must be given to the employer and not to the company directly, the employer is the agent of the insurer to receive such notice from the insured, and that when the employer as such agent acknowledges on behalf of the insurer that the change has been effectuated, the employee is entitled to consider that his desired change has taken effect.

The Insurance Company in contending that the employer was not the agent of the insurer, relies upon the principle declared in a number of jurisdictions to the effect that employers, in doing the various acts required to make effective a policy of group insurance covering employees, such as obtaining the employees' applications, taking pay-roll-deduction orders, reporting change in the insured group, paying premiums, etc., act for themselves and their employees and not as agents of the insurer, and that neither the employer nor the employer's agent is an agent of the Insurance Company, or clothed with any power to waive any of the conditions of a group policy of insurance covering the employees of such employer. Cited to our attention in support of such principle is *Boseman v. Connecticut General Life Ins. Co.* (1937), 301 U. S. 196, 204, 57 Sup. Ct. 686, 81 L. Ed. 1036. The principle is also stated in 44 C. J. S., Insurance, p. 800, sec. 140, and 29 Am. Jur., Insurance, p. 1032, sec. 1379. The Insurance Company also maintains that there was no waiver in the instant situation.

The interpleaded defendant takes the position that under the terms of the policy the employer is the agent of the employee in all matters relating to the insurance, including such as appertain to change of beneficiary. The interpleaded defendant maintains that provisions in sec. 246.09, Stats., apply to her, for the reason that she is a married woman, and that her rights to be continued as a beneficiary could be cut off only by strict compliance with the policy provision regarding change of beneficiary, and that there had been no such compliance in the present situation.

Sec. 246.09 (1), Stats., provides in part:

"Any married woman may, in her own name or in the name of a third person as her trustee, with his assent, cause to be insured for her sole use the life of her husband, son, or other person for any definite period or for the natural life of such person; and any person, whether her husband or not, effecting any insurance on his own life or on the life of another may cause the same to be made payable or assign the policy to a married woman or to any person in trust for her or her benefit; and every such policy, when expressed to be for the benefit of or assigned or made payable to any married woman or any such trustee, shall be the sole and separate property of such married woman and shall inure to her separate use and benefit and that of her children, . . . Nothing contained in this section shall be deemed to affect or impair the right of the insured or person effecting such insurance to change the beneficiary of a policy in accordance with the terms thereof, where such right has been reserved."

Under a group insurance policy as here, when the employer pays the premiums to the Insurance Company, and the employee makes no pecuniary contribution for such purpose, reason and justice may well require that the employer be not deemed the agent of the insurer with respect to ordinary matters involved in the administering of the policy such as paying premiums, reporting changes in the insured group, and the like. As to such type of items the employer stands in an adversary position to the insurer. It holds the policy not for but against the insurer. It is interested with respect to its liability for premium payments; and also as to the persons in its employ who are covered by the policy, particularly as to their number and their qualification to participate in the program. However, the employer has no such interest as against the insurer with respect to the distribution of the proceeds of the insurance. The employee is granted the right to designate the beneficiary and to change the beneficiary. The employer has reserved no control over the em-

ployee in regard to the naming or changing of the beneficiary. Nor is the employer called upon under the terms of the policy to represent beneficiaries in their claims for the proceeds of the insurance. It is the insurer, and not the employer, that is liable for the payment of such claims. The beneficiary's claim is against the insurer and not against the employer. The claims are paid directly by the insurer to the beneficiary. The provision in the policy and certificate for acknowledgment of the notice of change of the beneficiary is not for the benefit of the employer but obviously is designed principally for the benefit of the insurer. An employer is not precluded as a matter of law from acting as agent of the insurer with respect to receipt of notice from the employee as to change of beneficiary, or in the matter of acknowledging that a change has been effected. It is an established principle in this state that where a provision in an insurance policy is ambiguous,— where it is doubtful whether it should be construed in favor of the company or the insured, that construction will be given which is favorable to the insured. *Charette v. Prudential Ins. Co.* (1930), 202 Wis. 470, 232 N. W. 848. In view of these considerations we are constrained to determine that the language of the policy and of the certificate in question relating to change of beneficiary must be construed to mean that the employer is the agent of the insurer in receiving notice of change of beneficiary and in acknowledging that such change has been effectuated.

The complaint alleges that notice of change of beneficiary so as to name appellant as beneficiary, was given by the employee to the insurer through the employer and acknowledged by the insurer through the employer. Since it is considered that the employer was the agent of the insurer in these transactions, it must be held that a valid cause of action is asserted. Under the pleadings there are issues of fact for trial, particularly with respect to the giving of the notice of the change and the acknowledgment thereof or the waiver thereof.

The rights of the interpleaded defendant, Gertrude Kahl, as beneficiary, may only be divested in the event that it shall be determined upon the trial that notice of change of beneficiary and acknowledgment thereof were given in accordance with the provisions of the policy, or waived,—considering the fact that the employer was the agent of the insurer.

Appellant obtained no additional rights against the insurer by virtue of the action of the insured in interpleading Gertrude Kahl or in offering to pay the amount of the insurance into court. We are in accord with the view expressed in *Johnson v. Johnson* (5th Cir. 1943), 139 Fed. (2d) 930, 933, that:

"We are aware that there are decisions holding that the filing of an interpleader, to have the rights of those claiming to be the beneficiary under a policy of insurance settled, constitutes a waiver by the insurance company of the right to insist upon strict performance of the provisions of the policy for effectuating a change of beneficiary, but they seem to be contrary to the rule laid down by the supreme court and the courts of Texas. The purpose of filing an interpleader in such circumstances is to allow the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve intact the rights of any claimant to the fund, but not to confer any additional rights upon claimants."

In *Berg v. Damkoehler* (1902), 112 Wis. 587, 591, 88 N. W. 606, the court said: "The payment of the money into court by the company did not change the legal position of either party." In *Faubel v. Eckhart* (1912), 151 Wis. 155, 159, 138 N. W. 615, the court held that the insurer did not waive compliance with respect to its requirement as to change of beneficiary by interpleading contesting claimants and paying the money into court.

In view of the conclusions stated herein we find no need to determine the other issues raised upon the appeal.

*By the Court.*—The order for summary judgment and the summary judgment in favor of the defendant, Prudential Insurance Company of America, and the interpleaded defendant, Gertrude Kahl, are reversed. The cause is remanded for trial.