JAMES ROBERT RHODES, SR., appellant, v. JOSEPHINE RHODES and TRAVELERS INSURANCE COMPANY, appellees.

No. 49897.

(Reported in 101 N.W.2d 1)

FEBRUARY 9, 1960.

W. Stevenson Glanton and Henry T. McKnight, both of Des Moines, for appellant.

W. Lawrence Oliver, of Des Moines, for appellee Josephine Rhodes.

GARFIELD, J.—This is an equity action for a declaratory judgment that plaintiff, James R. Rhodes, Sr., is beneficiary of insurance on the life of his deceased brother Ocie T. Rhodes. His widow, defendant Josephine, also claimed to be beneficiary. Travelers Insurance Company paid into court $4500, the amount claimed, and was released from liability. Following trial the estate of insured was declared to be beneficiary and plaintiff has appealed.

The insurance was evidenced by a certificate issued to Ocie, effective January 1, 1954, under group policies covering employees of Solar Aircraft Company by whom Ocie was then employed. One group policy provided life insurance, proceeds of which are now in controversy. The other policy was of accident and sickness insurance and is not in controversy. Ocie and Josephine were married in June 1953. A year later Josephine was made beneficiary of the insurance certificate.

The certificate contained this provision regarding change of beneficiary: "Any Employee * * * may at any time designate a new beneficiary * * * by filing with the Employer a written request for such change on forms satisfactory to the Company, but such change shall become effective only upon receipt of such request at the Main Office of the Employer." There is no contention Solar's Des Moines office does not meet this description.

Ocie died March 21, 1957. For a long time before then he was seriously ill from cancer. March 4, 1957, he wrote Solar's insurance department in longhand evidently concerning his sickness insurance: "Somehow my bills are not being paid properly by my wife, during my Illness. She is also signing and cashing my checks which I dont think is proper. Since I am suing for a divorce I wish & hope that your Ins dep't will kindly mail my Ins checks to Mr. James Rhodes 716 Boyd St D.M. Ia. who is my brother and he will bring them to me. * * *

/s/    Ocie T. Rhodes."

"D.M." is an obvious reference to Des Moines. Ocie's petition for divorce was filed March 5 and original notice served on Josephine March 14.

March 11 Ocie wrote Solar's insurance department the letter Exhibit M in longhand, "I am suing for a Divorce and want my Beneficiary changed from Mrs. Josephine Rhodes to Estate c/o James R. Rhodes Sr or Jr /s/ Ocie T. Rhodes"

Solar wrote Ocie under date of March 14 (1957), the letter Exhibit L:

"In compliance with the request contained in your letter dated March 11th, 1957, inclosed please find change of beneficiary forms. Please sign your name in the bottom right-hand corner and have two witnesses sign in the lower left-hand corner. Be sure that the people who witness your signature on these forms are not related to you. After these forms are properly executed return them to the Insurance Department at Solar.

"If you have any question in regard to the foregoing, please feel free to write or call us."

This letter was signed for Solar by Mr. E. G. Rippier, assistant manager industrial relations division, in charge of group insurance for its employees, and was typed by Mrs. Donna Onstot, insurance clerk. The "Change of Beneficiary Form" (Exhibit J) inclosed in Exhibit L identified the group policies and Ocie's certificate by number and recited, "Revoking hereby any previous designation which may be inconsistent herewith, I direct that the insurance evidenced by said Certificate * * * be paid * * * James Rhodes, Sr., Brother."

It satisfactorily appears Exhibit J was signed by Ocie and his signature witnessed by two witnesses. Except for these signatures the blanks in the printed form were filled in typewriting by Solar's insurance clerk Mrs. Onstot. It will be noticed Ocie's letter, Exhibit M, stated he wanted his beneficiary changed to "Estate c/o James R. Rhodes Sr or Jr." However, the form, Exhibit J, names "James Rhodes, Sr., Brother" as beneficiary. Exhibit J was dated in type March 11, 1957, and recited, also in type, it was received by Solar March 11. This date is obviously incorrect, since Ocie's letter, Exhibit M, was dated March 11 and Exhibit J was sent to Ocie with Solar's letter to him dated March 14.

Mrs. Onstot, thoroughly disinterested, testified positively that plaintiff brought Exhibit J, signed and witnessed as it now is, to her office at Solar's on or about March 15, just about closing

time, and she placed it in the proper file; she was told of Ocie's death, admittedly on March 21, when she arrived at work on March 22; she then prepared Form GL, "Policyholder's Claim Statement" addressed to Travelers Insurance Company, naming as beneficiary "James Rhodes, Sr., Brother, 716 Boyd St., Des Moines Iowa." This claim statement, Exhibit N, is dated "3-22-57", was signed on that date by "Donna Onstot, Insurance Clerk" for Solar, the policyholder, was placed by her in Solar's file and a copy sent to Travelers. Mrs. Onstot had custody and control of Solar's insurance files and records. It clearly appears the insurance company left to Solar's insurance department the keeping of these records and matters relating to changes of beneficiary and claims to proceeds.

The trial court's denial of plaintiff's claim seems to be based on his finding that Mrs. Onstot failed to persuade him she actually knew when the change of beneficiary form, Exhibit J, naming plaintiff beneficiary was delivered to her or that this occurred before Ocie died on March 21. The court therefore held Exhibit J was ineffective but Ocie's letter of March 11, Exhibit M, stating he wanted his beneficiary changed "to Estate c/o James R. Rhodes Sr or Jr", received by Solar about that date, must be given legal effect.

Only plaintiff has appealed. Since this is an equity case our review of the evidence must be de novo. Rule 334, Rules of Civil Procedure. However, as we have said so often, we give weight to the trial court's findings because of his greater opportunity to judge the credibility of witnesses. Even in an equity suit we are somewhat reluctant to disagree with a trial court's determination of a fact question. Nevertheless we are constrained to do so here. We think it satisfactorily appears Exhibit J was delivered to Solar's insurance department about March 15, in any event prior to Ocie's death on the 21st, and effect should be given thereto.

We would be inclined to reach this conclusion from Mrs. Onstot's oral testimony alone. She knew both Ocie and plaintiff and insisted she recalled the time plaintiff returned Exhibit J to her office. There is no testimony contrary to hers. We realize undenied evidence is not always accepted as true. It must still stand the test of credibility. Circumstances showing improba-

bility, unreasonableness or inconsistency may be sufficient to raise a conflict in it. Roth v. Headlee, 238 Iowa 1340, 1343, 29 N.W.2d 923, 924, and citations. But we find no such circumstances here.

However, delivery of Exhibit J to Solar prior to Ocie's death does not rest alone on Mrs. Onstot's oral testimony. It is persuasively corroborated by the claim statement, Exhibit N, prepared and signed by Mrs. Onstot the day after it is admitted Ocie died, from Solar's files and records pertaining to this insurance. It is unlikely Exhibit N would name plaintiff as beneficiary if the change of beneficiary form, Exhibit J, were not in Solar's file at the time of Ocie's death. And the change of beneficiary to plaintiff was shown on Solar's record card as well as by Exhibit J. Mrs. Onstot, as an experienced insurance clerk, must have known the claim statement should honestly reflect the facts shown by Solar's records and files at the death of the insured. A dishonest or fraudulent purpose should not be imputed to her.

There can be little doubt that under the terms of the insurance certificate and the circumstances Solar was the insurer's agent in all matters relating to change of beneficiary. Kaiser v. Prudential Ins. Co. of America, 272 Wis. 527, 76 N.W.2d 311, 315. And Solar acted largely through Mrs. Onstot. No reason appears why she should not act fairly in this matter.

It is true plaintiff did not testify he delivered Exhibit J to Solar on or about March 15. He was not interrogated on the subject. He did say, however, without objection so far as shown, he knew of his personal knowledge he was beneficiary of the policy. Failure to interrogate plaintiff as to time of delivery of Exhibit J to Solar may be partly accounted for by the state of the pleadings until they were changed at the close of the evidence.

Throughout the trial Josephine's claim to relief was based on an alleged oral agreement between her sister and Ocie that Josephine would remain the beneficiary. The trial court denied this claim and, as stated, Josephine has not appealed. Plaintiff was executor of Ocie's estate but, as such, he has never been a party to the case. And no pleading was ever filed by anyone claiming this insurance for the estate to which the trial court awarded it.

The reason Josephine has not appealed is obvious. Under section 511.37, Codes 1954, 1958, the insurance, if payable to the estate, inures to her separate use, independently of Ocie's creditors. In re Will of Grilk, 210 Iowa 587, 231 N.W. 327; Nolte v. Nolte, 247 Iowa 868, 874, 875, 76 N.W.2d 881, 885, 56 A. L. R.2d 854, and annotation, 865. See also Westinghouse Credit Corp. v. Crotts, 250 Iowa 1273, 1276, 98 N.W.2d 843, 846. Ocie left no children. The only direction in his will for the payment of his debts is a mere formal one like that in the Grilk will, supra. There is no clearly expressed intent to waive the provision of section 511.37.

Thus although Josephine's claim was denied, under the trial court's decree she is really the successful party. It seems clear this result is contrary to the wishes of the insured. As stated, he had sued his wife for divorce. His signing the change of beneficiary form, Exhibit J, and, as we find, its delivery to Solar before his death were not unreasonable or unnatural acts.

For decree in plaintiff's favor the cause is—Reversed and remanded.

All JUSTICES concur.