EMMA O. BENNETT, Respondent, *v.* JOHN CUPINA et al., as the Board of Trustees of School District No. 4 of the Town of Dickinson, Appellants.

(Argued March 28, 1930; decided May 6, 1390.)

*George H. Zator* for appellants. Defendant's motion for a nonsuit made at the end of plaintiff's case and

repeated at the end of the evidence should have been granted. (*Goodale* v. *Tuttle*, 29 N. Y. 459; *Vanderwiele* v. *Taylor*, 65 N. Y. 341; *Barkley* v. *Wilcox*, 86 N. Y. 140; *Gannon* v. *Hagadorn*, 10 Allen, 106; Angell on Watercourses, 108; *Wagner* v. *L. I. R. R. Co.*, 5 T. & C. 163; *Dickinson* v. *City of Worcester*, 7 Allen, 19; *Sweet* v. *Cutts*, 50 N. H. 439; *Branstron* v. *Tayler*, 11 Ex. 369; *Howard* v. *City of Buffalo*, 211 N. Y. 241; *Peck* v. *Goodberlett*, 109 N. Y. 60; *Kilts* v. *State*, 194 N. Y. Supp. 107; *Ervin* v. *Erie R. R. Co.*, 98 App. Div. 402; 186 N. Y. 550; *Gowd* v. *Booth*, 66 N. Y. 62; *Sabetto* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. Supp. 118; *Bennett* v. *Long Island R. R. Co.*, 181 N. Y. 431; *Leffman* v. *Long Island R. R. Co.*, 105 N. Y. Supp. 187; 197 N. Y. 513.) Any damage resulting to plaintiff's lands from the flow of surface water is *damnum absque injuria*. (*Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 351; *Harvey* v. *N. P. Ry. Co.*, 116 Pac. Rep. 464; *Thompson* v. *C., M. & S. P. R. R. Co.*, 119 S. W. Rep. 509; *N. J. I. & I. R. Co.* v. *Tutt*, 80 N. E. Rep. 420; *Egner* v. *N. Y. & R. B. R. R. Co.*, 3 App. Div. 157; *Bennett* v. *L. I. R. R. Co.*, 89 App. Div. 379; *Chidsey* v. *City of Pascagoula*, 59 So. Rep. 879; *Walther* v. *Cape Girardeau*, 166 Mo. App. 467; *C., C., C. & St. L. Ry. Co.* v. *Smith*, 97 N. E. Rep. 164; *Pittsburg, etc., Ry. Co.* v. *Atkinson*, 97 N. E. Rep. 353; *Simon* v. *Nance*, 142 S. W. Rep. 661.)

*Ray T. Hackett* and *Ralph L. Emmons* for respondent. Defendants were without right to so alter and maintain their premises as to collect surface waters from their own and other premises into an artificial channel and cast the same on the premises of plaintiff. (*Barkley* v. *Wilcox*, 86 N. Y. 140; *Vanderwiele* v. *Taylor*, 65 N. Y. 341; *Gould* v. *Booth*, 66 N. Y. 62; *Mann* v. *Retsof Mining Co.*, 49 App. Div. 454; *Sabetto* v. *New York Central R. R. Co.*, 127 App. Div. 832; *Cooney* v. *Northern Central R. Co.*,

180 App. Div. 675; 230 N. Y. 550; *Bowman* v. *Town of Chenango*, 227 N. Y. 459; *McGetrick* v. *Shoecrafi*, 198 App. Div. 278; *Hay* v. *Cohoes Co.*, 2 N. Y. 159; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Jutte* v. *Hughes*, 67 N. Y. 267; *Noonan* v. *City of Albany*, 79 N. Y. 470; *Mairs* v. *Manhattan R. E. Assn.*, 89 N. Y. 498; *Vernum* v. *Wheeler*, 35 Hun, 53.) The relief granted to plaintiff was proper. (*Barnes* v. *Midland R. R. Terminal Co.*, 218 N. Y. 91; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Jutte* v. *Hughes*, 67 N. Y. 267; *Barrick* v. *Schifferdecker*, 123 N. Y. 52; *Hartshorn* v. *Chaddock*, 135 N. Y. 116; *Pritchard* v. *Edison Elec. Illum. Co.*, 179 N. Y. 364; *Kilbourne* v. *Supervisors*, 137 N. Y. 170; *Gerow* v. *Village of Liberty*, 106 App. Div. 357; *Ackerman* v. *True*, 175 N. Y. 353; *Wilson* v. *City of Troy*, 135 N. Y. 96.)

O'BRIEN, J. The lands of plaintiff and defendants adjoin. Originally, plaintiff's ground was the higher and the natural flow of surface water settled on defendants' property. Later, the predecessors of defendants, as trustees of a school district, erected a schoolhouse, filled in and graded their grounds and reconstructed and elevated a driveway on their own premises abutting plaintiff's land. As a result of these improvements, the grade has been reversed and the surface water now flows down the slope of the school yard into the driveway, thence on to plaintiff's property and has damaged it. Plaintiff has recovered a money judgment and has also obtained injunctive relief requiring the abatement of a nuisance as assumed and declared.

No drain or ditch has been constructed by defendants. The driveway before reconstruction cannot be held to constitute the bed of a definite watercourse and, consequently, its elevation is not a diversion or a change of a watercourse. Even without its presence, defendants' land, as graded, would retain its present elevation. The school trustees at their pleasure could have eliminated

the driveway and allowed the entire field to remain unsodded or could have covered it with cinders or gravel as a playground. Although the present driveway no doubt forms an outlet for water from the graded lawn, it is not an artificial conduit and may not be deemed objectionable on any principle of equity. Its reconstruction and continued existence is entirely within the exercise of a recognized right. In good faith and for the purpose of improving his property a lower proprietor may fill and grade his lands. When, without the creation of a defined watercourse, or the alteration of an existing one, the result is so to change the natural contour of the land as to cause surface waters to collect in a highway and overflow a neighbor's property, the act is no less lawful. Since this water is not cast by drains or ditches upon adjoining premises defendants may get rid of it any way they can. They have full dominion over their own land, above as well as below the surface. The resulting damage gives no right of action. *Damnum absque injuria.* (*Goodale* v. *Tuttle*, 29 N. Y. 459, 467; *Barkley* v. *Wilcox*, 86 N. Y. 140, 147; *Howard* v. *City of Buffalo*, 211 N. Y. 241, 258.)

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs to the appellants in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.