Leslie D. Klein, Respondent, v. Town of Pittstown, Appellant.

Third Department, May 15, 1934.

*John P. Weatherwax*, for the appellant.

*Morris Simon* [*John H. Broderick* of counsel], for the respondent.

Crapser, J. The plaintiff was the owner of a house and some land located on the easterly side of the Cooksborough road, which is a town road in the town of Pittstown, at the junction of the Cooksborough road and the Reservoir road.

The Cooksborough road runs north and south and on the westerly side, opposite the plaintiff's land, the land was a side hill field owned by a man by the name of Yates and it was sowed to oats which were just coming up.

The plaintiff's land on the easterly side of the road was about seven feet lower than the highest point of the road.

On the easterly side of the Cooksborough road, adjoining the plaintiff's property, was a bank above the easterly ditch on the road. This bank was about eighteen inches high and two feet wide and was easterly of the easterly ditch on said road.

It is claimed by the plaintiff that in 1931 there was a heavy storm that washed out some of the traveled part of the Cooksborough road and the town through its officers in repairing the road scraped away a portion of the easterly side of the ditch between the highways and the plaintiff's land so that on May 26, 1932,

when there was a particularly heavy rain, the surface water coming down from the west and off the side hill lot and from the road broke through the bank or barrier on the easterly side of the ditch next to the plaintiff's land and caused the damage complained of.

The action is based upon negligence and was so submitted to the jury.

At the close of all the evidence the defendant made a motion to dismiss the complaint on the ground that the plaintiff had failed to establish the cause of action alleged in the complaint, or any cause of action. The motion was denied and the defendant took an exception.

Work was performed upon the highway in 1931, and whether or not some of the dirt was dug away from the bank on the easterly side of the highway is immaterial. It was the duty of the town to keep its road reasonably safe for public travel.

The storm of 1931 had washed away part of the roadbed, and the town was clearly within its rights in using any material within the highway limits to repair the road.

Before a municipality can be made liable for causing an injury it must appear that some duty, incumbent upon it to perform, has been neglected, or has been improperly discharged.

A municipality is not under obligation to provide a system of drainage sufficient to carry off surface water; and while it may not by constructing streets and gutters collect in a body surface water which would naturally flow in another direction or discharge it upon private property, it is not liable for damages caused by the discharge of surface water which is the result solely of grading streets pursuant to legislative authority. (*Prime* v. *City of Yonkers,* 192 N. Y. 105; *O'Donnell* v. *City of Syracuse,* 184 id. 1.)

A landowner is within his rights in building as he pleases upon his own soil. The removal of an artificial elevation is not a wrongful act. The town was not bound to maintain the bank on the easterly side of the highway even though the bank prevented the water spreading onto the land of the plaintiff. (*Howard* v. *City of Buffalo,* 211 N. Y. 262.)

The injury which plaintiff suffered by the water and material coming onto his land gave him no right of action. It was *damnum absque injuria.* (*Bennett* v. *Cupina,* 253 N. Y. 436.)

The judgment should be reversed and the complaint dismissed, with costs to the appellant.

Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.