712

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TYLER TOULON, Appellant.— Motion for leave to appeal to the Court of Appeals denied, without prejudice to an application to a Judge of the Court of Appeals or to a Justice of this court for certification that a question of law is involved which ought to be reviewed by the Court of Appeals, pursuant to subdivision 1 of section 520 of the Code of Criminal Procedure. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See 2 A D 2d 979.]

■ IRVING RAVENS, Appellant, v. ROOVERS BROTHERS, INC., et al., Respondents.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ SAM BENNETT, Respondent, v. ALEXANDER NONES et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property, the answer of the owners sets up usury as an affirmative defense and counterclaim. The Official Referee, to whom the action was referred to hear and determine, decided in favor of respondent, stating that all disputed questions of fact were resolved in his favor and against appellants, and that their proof was not sufficient to establish usury. The appeal is from the judgment entered thereon. Judgment unanimously affirmed, with costs. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ HOFSTRA COLLEGE, Respondent, v. BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF HEMPSTEAD et al., Appellants.— In an action to enjoin village officials from maintaining barricades across the ends of public dead-end streets, which abut respondent's real property, and for other relief, the appeal is from an order granting a motion for a temporary injunction and denying a cross motion to dismiss the amended complaint as insufficient in law. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of VALENTINE BIELSKI, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent, and JOSEPH WEBER et al., Intervenors-Respondents.— In a proceeding to review a determination of the State Rent Administrator denying an application for a certificate of eviction, the appeal is from an order dismissing the proceeding. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ In the Matter of SAMUEL C. COHEN, Appellant, against COCOLINE PRODUCTS, INC. et al., Respondents.— Appeal dismissed. (See Matter of Cohen v. Cocoline Prods., ante, p. 711.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ IRVING KOSSOFF, Doing Business as LANE STATIONERY COMPANY, Appellant, v. RATHGEB-WALSH, INC., et al., Respondents.— In an action by a lower lot owner to recover damages because of seepage of surface water which flowed from the property of the higher lot owner, the appeal is from a judgment entered on the dismissal of the complaint at the close of the case. Judgment affirmed, with costs. (Bennett v. Cupina, 253 N. Y. 436.) Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The evidence was sufficient to present a question of fact as to whether or not the natural flow of the surface water from the higher ground adjacent to appellant's property had been diverted by grading and paving and by the erection of structures thereon to appellant's damage. (Cf. Jutte v. Hughes, 67 N. Y. 267; Tremblay v. Harmony Mills, 171 N. Y. 598.) Bennett v. Cupina (253 N. Y. 436) involved the right of a lower owner to divert from his land surface water flowing from the higher ground by filling and grading his land for the purpose of improving his property.