Donald S. Taylor, J.
On the record of a previous trial the parties, by stipulation, have submitted this cause to me for determination and have waived formal findings of fact and conclusions of law. Damages and injunctive relief are sought in connection with the alleged diversion of surface waters from the higher elevation of the defendants’ lot to the contiguous property of the plaintiff.
The locale of which the properties of the parties form a part consists of approximately 81 acres, the terrain of which slopes generally in a southeasterly direction until it reaches the lands of the plaintiff where it flattens to a minimum slope finding an eventual low point at a culvert to the east under a north-south road known as the Port Jervis or Forestburgh Road. Prior to plaintiff’s acquisition of title, the defendants by means of fill constructed a horseshoe shaped dike or dam which impounded the surface and percolating waters of about 24 acres of their premises to form a pond approximately one and one-half to two acres in dimension. This was provided with two outlet pipes 12 inches and 10 inches in diameter, respectively, some two to four inches below the dam’s top through which in certain times of rainfall and unusual drainage the excess of the pond water flowed from the dam a distance of 40 feet on the defendants’ land until it reached that of the plaintiff. From there it followed a water course before diffusing generally through the plaintiff’s land. The lands of the plaintiff and the defendants in this area had been marshy and wet for many years, the condition being ascribed not only to the typography of the land but more recently *1016 to the height of the sluice of the culvert under the Forestburgh Boad which prevented complete drainage thereunder. The defendants’ dam does not leak or spill over its top. The record establishes the above-stated facts which are found accordingly.
The common-law rule in effect in New York makes no discrimination between upper and lower proprietors. Neither is dominant nor servient to the other. The defendants were at liberty to improve their property according to their desire subject only to the obligation of good faith in fitting the property to some rational use for which it might be adaptable and abstaining from draining surface water into their neighbor’s property by pipes or ditches. (Kossoff v. Rathgeb-Walsh, 3 N Y 2d 583; Bennett v. Cupina, 253 N. Y. 436; Barhley v. Wilcox, 86 N. Y. 140; Anthony v. Huntley Estafes of Greenburgh, 137 N. Y. S. 2d 664.)
The single issue which is presented is whether causal relationship exists between the wet marshy condition of the plaintiff’s land and the outlet pipes of the defendants’ dam. The plaintiff’s proof fails to establish any such interrelation. On the contrary, it appears by the fair preponderance of the evidence that the defendants neither created a defined water course nor altered an existing one. They appropriated surface and percolating waters falling and collecting on their own- land to their own use, some of which on occasion by reason of the natural features of the land and the force of gravity passed upon and over the plaintiff’s lot on their way to their natural destination. The conditions complained of are of many years’ duration, common to both properties in question and are due to natural causes having no relevancy to the improvement erected on lands of the defendants. The proof fails to support any inference that the dam aggravated these conditions.
It follows that the plaintiff has failed to establish his cause of action. Accordingly, the defendants ’ motion for judgment is granted, with taxable costs. (Civ. Prac. Act, § 440.)
The foregoing constitutes the written and signed decision of the court.
The papers will be forwarded with the signed judgment.
Settle judgment.