Mario Pittoni, J.
The owners of five homes and land in the Manetto Hills section of Plainview, Long Island, have brought this action to enjoin the defendant from conducting certain activities, on the defendant’s adjoining land. The plaintiff owners claim that the defendant’s activities in filling the abutting land with dirt, sand and other fill have caused this material to overrun the plaintiffs’ properties to the extensive damage of all five properties.
There are 15 causes of action which include not only a request for injunctive relief, but also for damages under the principles of trespass, nuisance and negligence.
The area involved was previously a rolling, and sometimes hilly, farm area with a gradual incline toward the northeast; however, more to the east than to the north. It was developed by Windsor Homes, Inc., whose officers and controlling interests are the same as those of the defendant corporation. In 1956 and 1957 Windsor Homes, Inc., sold five contiguous residential properties therein to the plaintiffs.
In August, 1958 the defendant began filling and grading operations on its northerly abutting property, with resultant damage to the plaintiffs’ properties. A great deal of dirt, sand and other fill was caused to go onto the plaintiffs’ properties by the defendant’s bulldozer, caterpillar and dump truck activities. Other dirt, sand and other fill fell, drifted, rolled down and otherwise ran onto the plaintiffs ’ properties by reason of too much fill, steep embankments and great proximity to the plaintiffs’ properties. At other times, dirt, sand and mud were washed by rainwater from the -steep and loosely filled embankments onto the plaintiffs’- lands. At other times also, tons of freshly piled dirt, -sand and mud were furrowed, gouged out and washed onto the plaintiffs’ lands by the hard flow of rainwater accumulated on the defendant’s land by drains and leader pipes erected by the defendant on its new homes.
*494 The plaintiffs tried makeshift attempts to hold back the defendant’s dirt, sand and mud; nevertheless a good part of their backyard lawns, plants and other parts of their properties were damaged. In one case the mud was washed all the way over plaintiff Loecher’s stone flag terrace and up to his back door.
Complaints were made to the defendant; and as Harry Kroll, the defendant’s vice-president said, he sent his men to clean the dirt from the plaintiffs ’ property after every rainfall. Not until the Winter of 1959 did the defendant make an effective attempt to protect the plaintiffs’ properties. It then put up retaining walls made up of railroad ties. Apparently these were not high enough to properly contain the defendant’s loose material, for the plaintiffs’ properties were still overrun.
In latter February and early March, 1959, after the defendant’s retaining wall was erected, an expert landscaper visited the plaintiffs’ premises; and after a thorough examination, made estimates as to the cost of removal of the many tons of soil which was on the plaintiffs’ properties, and as to the cost of restoration to their former conditions of residential lawns and usable backyards. His estimates were $546 for the Burk property, $573 for Drilling, $1,540 for Loecher (this included the replacement of the terrace stones), $446 for Mandell, and $396 for Zweibach.
Later the defendant attempted to remove this accumulation; but at the time of this trial the success of this attempt was vehemently disputed by the plaintiffs.
It is difficult to categorize each of the defendant’s actions into one or the other of the traditional torts; however, upon close analysis it is clear that the defendant’s unreasonable use of its own land caused its dirt, sand and mud to overrun those of the plaintiffs. Trespass is thus established. (Mairs v. Manhattan Real Estate Assn., 89 N. Y. 498; Hay v. Cohoes Co., 2 N. Y. 159. See, also, Mott v. Lewis, 52 App. Div. 558.) The defendant’s lack of reasonable care of his own property, with resultant and foreseeable damage to the plaintiffs’ lands, establish negligence. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339. See, also, Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267, 273.) And the unwarranted and unreasonable use by the defendant of its property, to the damage of the plaintiffs’ properties, spells nuisance (McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40; Campbell v. Seaman, 63 N. Y. 568).
The defendant’s contention that it had the right to reasonable use and development of its own land, “ without any liability or *495 responsibility whatsoever to his adjoining neighbor for surface waters and silt that wash from his land onto his neighbor ” misses the point. It cites Kossoff v. Rathgeb-Walsh (3 N Y 2d 583); Bennett v. Cupina (253 N. Y. 436) and similar cases. But they merely reaffirm the common-law rule adopted in New York that “ either proprietor can improve his land according to his own desire in any manner to which the land is suited, without being liable to the abutting owner for change in the flowage of the surface water provided that he does not resort to drains, pipes or ditches ” (Kossoff v. Rathgeb-Walsh, supra, p. 588). Here, however, we have many tons of highly piled loose dirt and sand pushed onto the plaintiffs’ properties by the activities of the defendant’s dump trucks, caterpillars and bulldozers; by the high mounds of material piled at such steep angles and at such close proximity to the plaintiffs’ lands as to overrun their lands; by rainwater accumulating on the defendant’s land and washing loose dirt, sand and mud onto the plaintiffs’ properties; and by water in some cases funnelled by leaders and drains on the defendant’s newly built houses so as to gouge tons of earth out of the defendant’s mounds onto the plaintiffs’ properties. The defendant is therefore liable for damages to the plaintiffs’ properties (Berry v. Fleming, 87 App. Div. 53 [2d Dept.]; Barnes v. Masterson, 38 App. Div. 612 [2d Dept.]; Waters v. McNearney, 8 A D 2d 13; Mott v. Lewis, 52 App. Div. 558; Wilmot v. Bell, 76 App. Div. 252; see, also, Kossoff v. Rathgeb-Walsh, 3 N Y 2d 583, supra; Bennett v. Cupina, 253 N. Y. 436, supra; Barkley v. Wilcox, 86 N. Y. 140); and in the absence of any other proof the plaintiffs have established and are entitled to the cost of removal of the defendant’s dirt, sand and mud, and to the cost of restoration of their properties to their former conditions (Realty Associates v. City of New York, 1 A D 2d 1049 [2d Dept.]; Hartshorn v. Chaddock, 135 N. Y. 116, 123; Union Course Holding Corp. v. Tomasetti Constr. Co., 184 Misc. 382, affd. 269 App. Div. 775, affd. 295 N. Y. 802, motion for reargument denied 295 N. Y. 894).
As of the time of the trial the defendant’s activities had ceased; therefore the injunctive relief requested by the plaintiffs is denied. However, the plaintiffs are entitled to recover for damages as follows: the plaintiffs Burk are entitled to recover for damages to their property in the amount of $546; the plaintiffs Zweibach, $396; the plaintiffs Drilling, $573; the plaintiff Loecher, $1,540; and the plaintiffs Mandell, $446.
This is the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment on notice.