Guy Gilbert Ribaudo, J.
This is an action tried before the court without a jury. Findings of fact and conclusions of law were waived. At the close of the plaintiff’s case, the action as against National Properties, Inc. and Collins Tuttle & Co. was dismissed on motion. The action of the plaintiff was continued *861 against I. B. Miller Foundation Co., Inc., Diesel Construction Co., Inc., and 125 Maiden Lane Building Co.
The plaintiff, Emanuel Deutsch, doing business as Unity Sanitary Supply Co., is suing the defendants for property damage allegedly caused by the failure of the defendants to properly excavate at premises 125 Maiden Lane, in the Borough of Manhattan, City of New York, which excavating caused water to drain into the plaintiff’s basement.
The defendant 125 Maiden Lane Building Co. (owner) entered into an agreement with Diesel Construction Co., Inc., for the excavation, construction and installation of a skyscraper building at 125 Maiden Lane. The defendant Diesel Construction Co., Inc., entered into a contract with the defendant I. B. Miller Foundation Co., Inc., to excavate and install a foundation. The excavating commenced on or about March 28, 1958. The plaintiff’s warehouse, located at 214 Pearl Street, in the Borough of Manhattan, City of New York, was situated about 10 feet from the excavation. The plaintiff testified that during the'excavation work, he watched its progress and from March 28, 1958, on, he noticed water at the bottom of the plot where the excavating was taking place; that at no time did he see any bracing or shoring done; that he noticed a sewer pipe which was spilling out water; that he discovered a seepage of water in the basement of his building; that on several occasions he reported to the foreman and others at the excavation that water was seeping into his basement at 214 Pearl Street; that he was told by the foreman that they were trying to do something about it; that on April 2,1958, he found his basement flooded with water about two feet or more deep; that all the merchandise stored in his basement was floating all over the basement; that all the merchandise was damaged, most of which was thrown out, and what remained was unsalable; that he was required to rewire the basement electrical wires which had become wet; and that he expended moneys to have the basement cleared and cleaned. The defendants, I. B. Miller Foundation Co., Inc., and Diesel Construction Co., Inc., offered in defense (to this occurrence) evidence which sought to establish that the water was caused to flow into plaintiff’s basement by reason of unusual high tides from the East River. At one point of the trial, the defendants offered the testimony of Mr. Gumming who was employed by the United States Coast and Geodetic Service. His testimony was most interesting and informative but failed to establish the causal relationship between the tides and the flooding in the plaintiff’s basement. The defendant, I. B. Miller Foundation Co., Inc., offered the testimony of its employee, Mr. Benjamin *862 Weinstein, who was the construction superintendent. His testimony in effect corroborated all the facts alleged by the plaintiff.
It clearly appears from all of the facts adduced at this trial, that the causes of action (trespass, negligence and nuisance) alleged in the complaint by this plaintiff have been established by a fair preponderance of the credible evidence. (See Mairs v. Manhattan Real Estate Assn., 89 N. Y. 498; Hay v. Cohoes Co., 2 N. Y. 159; see, also, Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339; and McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40.) For a more recent discussion by the courts the defendants are referred to Burk v. High Point Homes (22 Misc 2d 492) and Waters v. McNearney (8 A D 2d 13, affd. 8 N Y 2d 808).
After careful consideration of all the evidence, both oral and documentary, the court is of the opinion that the damages alleged by the plaintiff were caused by the defendants, I. B. Miller Foundation Co., Inc., Diesel Construction Co., Inc., and 125 Maiden Lane Building Co., by reason of their failure to properly brace and shore up the grounds while excavating; by their failure to provide proper drainage of the water that was filling in during the excavation; and by their failure to plug up and secure the exposed sewer pipe located within the excavation. It is quite evident that the defendants had notice of the water seepage and did very little about it. The defendants have » failed to satisfactorily refute the claim of the plaintiff. The defendants offered the testimony of a Mr. Foley, whom they claimed to be an expert witness. Mr. Foley was a consultant engineer and the sum and substance of his testimony was that any water which had seeped into the basement of the plaintiff was caused, in his opinion, by unusual tides during the period involved. The court rejects the testimony and opinion of this expert because upon the facts as presented, Mr. Foley’s expert opinion was mere speculation and surmise. (Roskin Bros. v. State of New York, 5 Misc 2d 929, 931.) During the trial the defendant, I. B. Miller Foundation Co., Inc., offered without objection defendant’s Exhibit D, a police-aided card. The court relies upon this exhibit only as showing that on April 2, 1958, the police in answer to a complaint of the plaintiff appeared at the premises involved and found it in flooded condition.
Upon the evidence, the court is satisfied that plaintiff was damaged to the extent of $4,324.50 for the merchandise, the sum of $250 for cleaning and clearing the basement, and the sum of $65 for electrical rewiring.
*863 Accordingly, the court grants judgment in favor of the plaintiff against the defendants, I. B. Miller Foundation Co., Inc., Diesel Construction Co., Inc., and 125 Maiden Lane Building Co., for the total amount of $4,639.50.