J ohn J. Walsh, J.
This action was heard before the undersigned, a jury having been waived, on various dates, commencing January 10, 1961 and concluding on September 20, 1961. Fourteen witnesses testified and a large number of exhibits were introduced into evidence.
The plaintiffs herein, Felix H. Gazin and Blanche M. Gazin, his wife, are the owners of a farm in the Town of Borne, Oneida County, New York. They are suing Andrew J. Gladwin and Vera J. Gladwin, his wife, who are the owners of a farm immediately adjoining plaintiffs to the east.
*641 Plaintiffs claim that ‘ * at all the times mentioned a stream of water with no name flowed and still flows through the premises of plaintiffs and the premises of defendants ” and that between August 1, 1958 and September 30, 1958, the defendants raised the level of their land so that the waters have been impounded and prevented from flowing through their natural course and were thrown back upon plaintiffs’ land with the result that plaintiffs were compelled to construct artificial drainage pipes to divert the water to the highway. The plaintiffs claim that they have spent considerable sums of money for new ditches, piping and new draining of their land. This is not seriously contested.
For a second cause of action, the plaintiffs contend that between the same dates, while plaintiffs were seized of and in possession of their land, defendants wrongfully “ committed acts of trespass ” by entering plaintiffs’ land, partially destroyed plaintiffs’ fence and “ caused additional soil to be placed upon plaintiffs’ land.”
The defendants deny the material allegations of the complaint and present a counterclaim for trespass by the plaintiffs on their land.
The basic quarrel between the parties, as is unfortunately so often the case, arose over the boundary line separating the two farms. At various times, at least three alleged boundary lines were established, one by the plaintiffs, one by the defendants, and a third by an impartial surveyor. Each differed in some respects from the others so that a definite line of demarcation cannot be threaded through the testimony of the witnesses.
The first cause of action is based upon an alleged diversion or obstruction of a watercourse. The basic proposition must stand conceded by all parties. If no water course existed on the premises, then judgment must be rendered in favor of the defendants since no liability exists.
It appears to be fundamental that defendants have a perfect right, in the absence of a defined watercourse, to improve their land even though the effect thereof is to inconvenience the plaintiffs. It is only for interfering with and obstructing a defined watercourse, whereby injury is occasioned to another, that a liability for damages arises. (Conhocton Stone Road Co. v. Buffalo N. Y. & Erie R. R. Co., 3 Hun 523.)
As early as 1864, in the case of Goodale v. Tuttle (29 N. Y. 459, 467) Chief Judge Deetio stated: “ And in respect to the running off of surface water caused by rain or snow, I know of no principle which will prevent the owner of land from filling up the wet and marshy places on his own soil for its amelioration *642 and his own advantage, because his neighbor’s land is so situated as to be incommoded by it. Such a doctrine would militate against the well-settled rule that the owner of land has full domination over the whole space above and below the surface.”
As recently as Kossoff v. Rathgeb-Walsh, Inc. (3 N Y 2d 583) Judge Yak Yoorhis stated clearly the rule applicable to upper and lower landowners thusly: “ Both have equal rights to
improve their properties, come what may to the surface water, provided, of course, that the improvements are made in good faith to fit the property to some rational use to which it is adapted, and that the water is not drained into the other property by means of pipes or ditches. "Where, as here, it is diffused surface water, neither party is prevented from improving his parcel of land regardless of what becomes of the surface water ’ ’ (pp. 589-590).
Thus, unless plaintiff establishes by a fair preponderance of the evidence that a watercourse as distinguished from mere surface water existed on his land, judgment must be rendered for defendant on the law. (Drive-In Realty Corp. v. Lewis, 28 Misc 2d 237 [1961]; Bennett v. Cupina, 253 N. Y. 436; Barkley v. Wilcox, 86 N. Y. 140; Vanderwiele v. Taylor, 65 N. Y. 341.)
To constitute a watercourse, there must be “a .stream of water flowing in a defined bed or channel, with banks and sides, having permanent sources of supply, although it is not essential that the flow should be uniform or uninterrupted.” (Mann v. Retsof Min. Co., 49 App. Div. 454, 458 [4th Dept.].)
This issue was closely contested on the trial. It was claimed by plaintiffs and three witnesses produced by them that there was a stream which had its source in a spring; that it had a clearly defined channel and that there was water therein depending upon the time of the year.
The defendants testified and produced five witnesses to sustain their contention that no natural watercourse existed; that it was, if anything an artificial and not a natural stream; that its bed or channel was not defined; that it was nothing more than a furrow which had been dug in 1936-1937 by plaintiff onto the property thereafter deeded to defendants Gladwin for drainage purposes.
The testimony adduced by the defendants weighs more heavily than that adduced by the plaintiffs. Discounting the testimony of the interested parties the testimony on this subject by the other witnesses discloses the following:
For plaintiff:
1. Witness Zawislik testified to a “ wet area ’ ’ on the Gazin property in 1934.
*643 2. Witness Rapke testified that he was on the Gazin property in 1947 to cut hay and that there were two ditches thereon which formed a T and drained into the adjoining property. That in the Summer months it was always wet and gave a great deal of trouble.
For defendants:
1. Witness Santucci, a civil engineer who surveyed the property in June, 1954, to the effect that he did not recall any watercourse on the property and if one existed it would appear on his map which he prepared.
2. Witness Wo j tus who owned some of the property in July, 1954 and sold it to defendants Gladwin. He walked around the property while he owned it and saw no stream or ditch thereon. The only thing he encountered was a wet spot near the fence adjoining plaintiff’s property.
3. Witness John Halupka, the son-in-law of Wo j tus, testified that while there was a slight depression on the property running-east to west, there was no swamp, stream, nor ditch and that no water flowed across the property.
4. Witness Carl Halupka testified that there was no stream, ditch or water flowing on the Gladwin property.
5. Witness Walter Kuszewski who is the son of the original owner of the property of both plaintiffs and defendants. He lived on the property for over 20 years to 1951 residing on the Gladwin land. His testimony was most important. He testified that in 1936 or 1937 plaintiff Gazin dug a ditch onto the now Gladwin property “ for drainage ” purposes with acquiescence of his father. That the ditch was there for two or three years and then plaintiff Gazin asked permission to put a pipe through the property of his father and that his father said “no ” and proceeded to plow-over the ditch which was there. He further testified that from 1938 or 1939 to 1951 when he moved away, there was no ditch on the Gladwin property.
I, therefore, find for the defendants no cause of action on the first cause of action.
As to the second cause of action, I find and conclude that upon the basis of the credible proof adduced, that in improving their land, defendants did trespass upon the lands of the plaintiffs to the extent that they allowed dirt to fall upon the lands of the plaintiffs.
Since the damage occasioned by such trespass is impossible of exact ascertainment, I award judgment to the plaintiffs in the amount of $1. Defendants’ counterclaim dismissed.