Alpharetta EARL et al., Appellants,

v.

Warren CLARK, Appellee.

No. 2–56345.

Supreme Court of Iowa.

June 26, 1974.

Rehearing Denied July 29, 1974.

Edward S. White, Carroll, for appellants.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, and Willis & Willis, Lake City, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, UHLENHOPP, and McCORMICK, JJ.

RAWLINGS, Justice.

On plaintiffs' action in equity for relief from an alleged cattle excrement nuisance, trial court granted a permanent injunction and awarded $2000 actual damages. Plaintiffs appeal claiming the damage award

was inadequate. By cross-appeal defendant contends no damages should have been allowed. We affirm in part, modify in part on plaintiffs' appeal, and affirm on defendant's cross-appeal.

Plaintiffs, Alpharetta Earl, Martha Sorenson and Russell Earl, as life tenant and remaindermen respectively, possessed the instantly involved 33 acre tract of improved land in Carroll County.

Defendant, Warren Clark, had occupied an adjoining farm for about 17 years, first as a tenant and for the two years prior to trial as owner. Since 1956 Clark has maintained a relatively large cattle feedlot. Unquestionably there had been drainage, for some time, from that feedlot onto plaintiffs' land.

Martha Sorenson testified she and her husband moved onto the 33 acre tract in March 1971. Two months later she noticed the springs and stream located thereon had become polluted by deposits of manure and urine which had drained from defendant's feedlot. A few days thereafter Martha and Alpharetta advised Clark regarding the aforesaid pasture waste material situation. He then advised them to the effect the problem could be resolved. June 12, 1971, Martha wrote Clark requesting he take appropriate steps to abate the nuisance.

Donald Culver, a civil engineer, testimonially stated he examined the polluted land, consisting of not more than one and a half acres. This witness thereupon determined cost of removing the accumulated waste would be $9600, which included $500 for his initial examination.

Robert Sorenson, Martha's husband, testified the pastureland has a rental value of $20 per acre and he rents the 33 acre tract from Alpharetta, for which she is paid $380 a year.

As a witness in his own behalf Warren Clark conceded he had for some time been aware of the waste drainage from the cattle enclosure onto the adjoining 33 acre tract. In June 1971 he sought Soil Conservation Service assistance and applied for a State Health Department feedlot permit. No complaints had been made to him regarding the waste drainage prior to the time Sorensons moved onto the adjacent land. When objection was voiced he offered to rent or purchase the parcel covered with waste material. This proposal was not accepted. Clark also stated that at trial time he was in the process of placing a diversion ditch which would prevent flowage of the offending feedlot excrement.

Vernon Koenck, prior tenant on the 33 acre tract, also testified as a defense witness. He farmed the land from 1963 to 1970 and paid a rental of $10 an acre for the pasture. Koenck also said he observed no change in appearance of the area from time his tenancy commenced until it was terminated.

Defendant's directed verdict motion was overruled.

April 5, 1973, trial court entered a decree by which plaintiffs were awarded $2000 actual damages. Defendant was further permanently enjoined from permitting any drainage of waste material from his cattle feedlot onto the instantly involved tract.

Plaintiffs here assert trial court erred (1) in awarding them inadequate damages, and (2) in failing to grant exemplary damages.

In support of his cross-appeal defendant urges there is no substantial evidentiary support for any damage award.

Since these assignments are interrelated they will not be separately entertained.

I. Our review is de novo. Weight is accorded trial court's findings but we are not bound by them. See Kriener v. Turkey Valley Community School Dist., 212 N.W.2d 526, 530 (Iowa 1973), and citations; Iowa R.Civ.P. 334, 344(f)(7).

II. It is inceptionally understood we are concerned here with a temporary nuisance subject to abatement for which injunctive relief and damages may be had. Furthermore, the measure of actual damages in such a case is the diminution in rental value of the involved land, proximately caused by the nuisance, plus any resultant special damages. See Miller v. Town of Ankeny, 253 Iowa 1055, 1062, 114 N.W.2d 910 (1962); Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 1115, 109 N.W.2d 695 (1961); Kellerhals v. Kallenberger, 251 Iowa 974, 981–982, 103 N.W.2d 691 (1960).

It is also understood the special damages which may be allowed include reasonable costs attendant upon removal of offensive nuisance deposits. See Kremeyer v. Shumate, 20 Ill.App.2d 542, 156 N.E.2d 271, 274 (1959); Burk v. High Point Homes, Inc., 22 Misc.2d 492, 197 N.Y.S.2d 969, 972 (1960); 58 Am.Jur.2d, Nuisances, § 127 at 698; 66 C.J.S. Nuisances § 138; Annot., 41 A.L.R.2d 1064, 1069.

III. In this case existence of a defendant created nuisance is undisputed. Rather, as heretofore noted, the sole issue presented is whether plaintiffs are entitled to any damages and if so in what amount.

At the threshold defendant argues any evidence as to damages suffered by plaintiffs is so speculative and uncertain no monetary recovery should be allowed.

That contention calls into play this often repeated statement last made by us in Northrup v. Miles Homes, Inc. of Iowa, 204 N.W.2d 850, 857 (Iowa 1973):

"'Courts have recognized a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. If it is speculative and uncertain whether damages have been sustained, recovery is denied. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable ba-

sis from which the amount can be inferred or approximated.'"

See also Holden v. Construction Machinery Company, 202 N.W.2d 348, 363–364 (Iowa 1972); 22 Am.Jur.2d, Damages, §§ 22–25; 25 C.J.S. Damages §§ 26, 28.

It still remains, however, plaintiffs were required to establish their claim with some reasonable measure of certainty and show facts affording a reasonable basis upon which their damages could be ascertained. See Northrup v. Miles Homes, Inc. of Iowa, *supra*; Conrad v. Dorweiler, 189 N.W.2d 537, 540 (Iowa 1971).

IV. Mindful of the foregoing we look again to the record. It substantially reveals (1) approximately one and a half acres of pastureland were covered by the offending feedlot flowoff; (2) annual rental value thereof was $20 an acre; (3) attendant diminution of that value was $30 per year; (4) the land was leased at apparent full rental until March 1971; (5) this case was tried in April 1972; and (6) the resultant rental value damage established by plaintiffs with a reasonable measure of certainty was for the period of one year prior to trial for which they were entitled to judgment in the sum of $30.

V. But such is not alone dispositive of the damage issue here involved. As aforesaid, an award in a case of this nature may include cost of removing the offensive excrement deposits which had drained onto and accumulated upon plaintiffs' land as special damages.

In that regard the record reveals, again with a reasonable measure of certainty, the cost of removing those deposits is $9600.

VI. Looking now to the other side of the coin defendant Clark affirmatively alleged, by amended answer to plaintiffs' petition, "all or a substantial part of the damages claimed by the plaintiffs, if any, occurred during a period beyond the statutory limitation period provided by the Code of Iowa". Ostensibly defendant invokes Code § 614.1(4).

In support of that allegation Clark argues (1) plaintiffs were obligated to show the amount of any nuisance related damages caused by defendant within five years prior to trial date and (2) the evidence is so speculative with regard to the nuisance accumulation time or times as to preclude any *special* damage award.

Understandably defendant fails to cite any authority in support of the above contentions.

At the outset it must be conceded no evidence was presented by which to determine what part of the nuisance deposit occurred before or after the five year limitation period.

It is therefore essential we determine whether plaintiffs or defendant had the burden of segregating that part of the damages, if any, barred by the above cited limitation act.

This court has held the statute of limitations is an affirmative defense and the burden of proof is upon the pleader. See Armstrong v. City of Des Moines, 232 Iowa 711, 715, 6 N.W.2d 287 (1942); Murphy v. Hahn, 208 Iowa 698, 702, 223 N.W. 756 (1929).

The question now posed, however, is whether the burden was upon plaintiffs or defendant to separate damages barred by the statute of limitations from those occasioned within that limitation period. When confronted with the same problem in Furrer v. Talent Irrigation District, 258 Or. 494, 466 P.2d 605, 617–618 (1970), the court aptly observed:

"The statute of limitations is an affirmative defense which must be pleaded in the answer unless it appears from the face of the complaint that the action is barred. And the burden of proof is on the defendant to sustain the defense. If the defense is partial only, barring only a part of the damage, defendant has the burden of proving what part of the damage occurred before the running of the limitation period. The obligation to segregate the damage should fall upon the wrongdoer and not upon the person he has harmed."

See also Alston v. Bitely, 252 Ark. 79, 477 S.W.2d 446, 458 (1972); Golden v. Lerch Bros., 203 Minn. 211, 281 N.W. 249, 253 (1938); McGregor on Damages, par. 283 at 202, n. 45 (13th ed. 1972); 51 Am.Jur. 2d, Limitation of Actions, § 484; 54 C.J.S. Limitations of Actions § 386.

An examination of plaintiffs' petition fails to disclose any allegation from which it would appear the instant action was either totally or partially barred by the statute of limitations.

Moreover, Clark adduced no proof by which it can be determined what part, if any, of plaintiffs' special damages were barred by the Code § 614.1(4) limitations period. It therefore follows Clark failed to meet his burden of proof regarding the statute of limitations.

VII. The remaining issue to be considered is whether plaintiffs are entitled to exemplary damages.

Such an award is never made as a matter of right, but on the facts peculiar to each case may be appropriate to punish an offending party or discourage others from similar wrongful conduct.

In the case at hand the malice essential to a recovery of punitive damages required an adequate showing of wrongful or illegal conduct committed or continued with the willful or reckless disregard of plaintiffs' rights. See generally Hagenson v. United Telephone Company of Iowa, 209 N.W.2d 76, 82 (Iowa 1973); Northrup v. Miles Homes, Inc. of Iowa, 204 N.W.2d at 858; Holden v. Construction Machinery Company, 202 N.W.2d at 359; McCarthy

v. J. P. Cullen & Son Corp., 199 N.W.2d 362, 368–369 (Iowa 1972); Claude v. Weaver Construction Company, 261 Iowa 1225, 1229–1233, 158 N.W.2d 139 (1968); 57 Iowa L.Rev. 451, 472–475 (1971).

Plaintiffs supportively urge defendant's failure to take prompt remedial action constituted a wrongful disregard of their rights which justifies a finding of malice.

On the other hand defendant points to plaintiffs' belated complaint and his consequent prompt attempt to secure advice regarding appropriate corrective measures to be taken.

No useful purpose will be served by further discussion.

Upon the basis of our de novo review we agree with trial court's holding to the effect plaintiffs are entitled to no exemplary damage award.

VIII. It is to us evident trial court correctly determined plaintiffs were entitled to recover damages from defendant but erred in limiting that recovery to $2000.

We now hold plaintiffs Alpharetta Earl, Martha E. Sorenson and Russell S. Earl, are entitled to judgment against defendant Warren Clark in the sum of $30 for ordinary damages and $9600 special damages, or a total of $9630, with interest as provided by The Code 1971, § 535.3, from April 5, 1973.

The evidence regarding plaintiffs' right to damages by reason of any odor related nuisance is, however, so inadequate as to preclude a recovery on that basis. See Bader v. Iowa Metropolitan Sewer Company, 178 N.W.2d 305, 307 (Iowa 1970).

On remand the judgment from which this appeal is taken shall be modified and corrected in accord with the above holding.

Affirmed in part, modified in part on plaintiffs' appeal, affirmed on defendant's cross-appeal, and remanded with directions.