# IN THE COURT OF APPEALS OF IOWA

No. 18-1624
Filed August 7, 2019

**LEE and RITA DVORAK,**
        Plaintiffs-Appellants,

**vs.**

**OAK GROVE CATTLE, L.L.C.,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Mitchell County, DeDra L. Schroeder, Judge.

        Plaintiffs appeal the district court decision granting summary judgment to defendant based on the statute of limitations. **REVERSED AND REMANDED.**

        Jeremy L. Thompson of Putnam & Thompson Law Office, P.L.L.C., Decorah, for appellants.

        David L. Riley of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

        Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Lee and Rita Dvorak (Dvoraks) appeal the district court decision granting summary judgment to Oak Grove Cattle, L.L.C. (Oak Grove), based on the statute of limitations. We conclude the district court improperly granted summary judgment to Oak Grove on the ground the Dvoraks' action was barred by the statute of limitations. Oak Grove did not meet its burden to show the case involved a permanent nuisance, rather than a continuing nuisance. We reverse the decision of the district court and remand for further proceedings.

## I.    Background Facts & Proceedings

The Dvoraks own property in rural Mitchell County. Beginning in 2006, Oak Grove has operated a cattle lot immediately adjacent to the Dvoraks' property.[1] The Iowa Department of Natural Resources (DNR) investigated Oak Grove in 2009 due to manure run-off from the cattle lot and required that Oak Grove take remedial action. Oak Grove was investigated again by DNR in 2013 based on manure run-off.

On December 19, 2016, the Dvoraks filed an action against Oak Grove, claiming "from approximately 2009 to the present there have been multiple occasions when manure from [Oak Grove's] cattle lot has entered upon, and traversed over, [the Dvoraks'] property." The Dvoraks raised claims of negligence, trespass, and nuisance. They sought damages for loss of value to their property, loss of use and enjoyment of their property, and emotional and mental pain and suffering.

---

[1] Oak Grove went out of business in August 2016.

Oak Grove claimed the Dvoraks' action was barred by the five-year statute of limitations found in Iowa Code section 614.1(4) (2016).[2] Oak Grove also raised a counterclaim for defamation, alleging the Dvoraks made false statements about the cattle lot and published them to third parties.

Oak Grove filed a motion seeking summary judgment on the ground the Dvoraks' claims were barred by the statute of limitations. The Dvoraks resisted the motion, stating each successive incursion of manure onto their property constituted a separate action so the statute of limitations would not bar an action for Oak Grove's conduct within the limitations period. They also claimed the discovery rule should apply.

The district court stated, "If injuries from a nuisance are claimed to be of permanent character and go to the valuation of real estate, the Plaintiffs can have only one recovery. If injuries from a nuisance are intermittent, a property owner can bring successive actions to recover damages for each intermittent injury." The court found the Dvoraks were "making a claim for permanent injury rather than temporary injury." The court stated the problems and hazards associated with a confined animal facility were ongoing and permanent, rather than temporary. The court determined the statute of limitations began to run in 2006 and the Dvoraks' action, filed in 2016, was barred by the five-year statute of limitations. The Dvoraks now appeal.

---

[2] The statute of limitations has remained the same during the limitations period in this case, and we use the 2016 version for ease.

## II. Standard of Review

We review a district court's ruling on a motion for summary judgment for correction of errors of law. *Kunde v. Estate of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). Under Iowa Rule of Civil Procedure 1.981(3), summary judgment should be granted when the moving party shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." "In determining whether a grant of summary judgment was appropriate, we examine the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor." *Homan v. Branstad*, 887 N.W.2d 153, 163–64 (Iowa 2016).

## III. Statute of Limitations

The parties agree the five-year statute of limitations for injuries to properties, found in Iowa Code section 614.1(4), applies in this case. They disagree on the question of when the limitations period began to run. Oak Grove has the burden to prove the action is barred by the statute of limitations. *See Earl v. Clark*, 219 N.W.2d 487, 491 (Iowa 1974) ("This court has held the statute of limitations is an affirmative defense and the burden of proof is upon the pleader.").

"Whether an injured party is entitled to bring successive actions for damages or must seek compensation for all injuries in one suit depends on the nature of the injury, and to some degree, the nature of the nuisance." *K & W Elec., Inc. v. State*, 712 N.W.2d 107, 118 (Iowa 2006). "[W]here the wrongful act is continuous or repeated, so that separate and successive actions for damages arise, the statute of limitations runs as to these latter actions at the date of their accrual, not from the date of the first wrong in the series." *Hegg v. Hawkeye Tri-*

*Cty. REC*, 512 N.W.2d 558, 559 (Iowa 1994). On the other hand, when an injury is considered to be permanent, the statute of limitations begins to run at the time of the first injury. *K &W Elec.*, 712 N.W.2d at 118–19.

The issue of whether a nuisance should be considered permanent or continuing is one where there are some inconsistencies in legal authorities.[3] *See Harvey v. Mason City & Ft. Dodge Ry. Co.*, 105 N.W. 958, 961 (Iowa 1906) ("The confusion which is found in the precedents has arisen not so much from the statement of governing principles as from the inherent difficulty in clearly distinguishing injuries which are original and permanent from those which are continuing, and in assigning each particular case to its appropriate class."); *see also Archer*, 30 N.W.2d at 96 ("It is probably impossible to reconcile all the language of the many decisions.").

The term "permanent" does not refer solely to the structure or object causing the nuisance. *Harvey*, 105 N.W. at 961. We must also consider "the character of the injury produced by it." *Id.* The Iowa Supreme Court has stated:

> In other words, the structure or thing producing the injury may be as permanent and enduring as the hand of man can make it, yet if the resulting injury be temporary or intermittent, depending on future conditions which may or may not arise, the damages are continuing, and successive actions will lie for successive injuries.

---

[3] For example, in *Thomas v. City of Cedar Falls*, 272 N.W. 79, 83 (Iowa 1937), the court found an embankment over a watercourse caused permanent injury and an action was untimely because it was not filed within five years after the first injury to the property. Two later cases, *Archer v. J.S. Compton, Inc.*, 30 N.W.2d 92, 97 (Iowa 1947), considering an embankment or dike, and *Eppling v. Seuntjens*, 117 N.W.2d 820, 825 (Iowa 1962), considering a dike, determined similar injuries were continuous, so the statute of limitations began to run after each successive injury. In *Anderson v. Yearous*, 249 N.W.2d 855, 860 (Iowa 1977), the court stated, "Continuing viability of the *Thomas* holding is at best doubtful," citing *Archer*, 30 N.W.2d at 97, and *Eppling*, 117 N.W.2d at 825*.* However, the more recent case, *K & W Electric*, cites *Thomas*, 272 N.W. at 83, with approval. 712 N.W.2d at 117.

*Id.*; *see also Archer*, 30 N.W.2d at 96; *Thompson v. Ill. Cent. Ry. Co.*, 179 N.W. 191, 195 (Iowa 1920); *City of Ottumwa v. Nicholson*, 143 N.W. 439, 443 (Iowa 1913); *Hughes v. Chicago, B. & Q. Ry. Co.*, 119 N.W. 924, 926 (Iowa 1909).

A nuisance may be considered to be continuing if it is temporary and subject to abatement. *See Bennett v. City of Marion*, 93 N.W. 558, 559 (Iowa 1903). In a case involving noxious and offensive odors from a hog confinement facility, the Iowa Supreme Court found the nuisance was permanent because there was no evidence the defendant "can or will abate the nuisance in the future" due to a lack of technology to "solve the odor problem." *Weinhold v. Wolff*, 555 N.W.2d 454, 463 (Iowa 1996). The court determined abatement of the nuisance could be accomplished only by closing the facility, a result it found neither equitable nor practical. *Id.*

We must consider whether the drainage of manure from Oak Grove's cattle feedlot caused temporary and abatable damages to the Dvoraks' property or whether the damage was permanent. In a similar factual situation, where plaintiffs filed a nuisance action arising from the drainage of manure from a cattle feedlot onto the plaintiffs' property, the court stated the case involved a continuing nuisance. *See Earl*, 219 N.W.2d at 490 ("It is inceptionally understood we are concerned here with a temporary nuisance subject to abatement for which injunctive relief and damages may be had."). Also, in a case involving the discharge of sewage onto a plaintiff's farm, the Iowa Supreme Court concluded there was a continuing nuisance, noting the defendant could remedy and abate the nuisance. *Bennett*, 93 N.W. at 559. We find these cases involving manure or

sewage are more applicable to the present situation than cases involving different types of damages to a plaintiff's property.[4]

As noted, Oak Grove had the burden of proof to show the damages to the Dvoraks' property were permanent, rather than temporary, and could not be abated. *See Earl*, 219 N.W.2d at 491. In order to be granted summary judgment, Oak Grove needed to show there was no genuine issue of material fact on this issue and it was entitled to judgment as a matter of law. *See* Iowa R. Civ. P. 1.981(3). In its motion for summary judgment, Oak Grove stated, "A temporary injury could be cured by clean-up," and the "typical problems/hazards" presented by cattle feedlots were not temporary issues. Oak Grove did not show the damage to the Dvoraks' property could not be cleaned up or abated. The Dvoraks stated Oak Grove took remedial action after the manure run-off event in 2009.

We conclude the district court improperly granted summary judgment to Oak Grove on the ground the Dvoraks' action was barred by the statute of limitations. Oak Grove did not meet its burden to show the case involved a permanent nuisance, rather than a continuing nuisance.

We reverse the decision of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[4] Other types of injuries include: (1) noxious and offensive odors, *Weinhold*, 555 N.W.2d at 458; (2) stray voltage, *Hegg*, 512 N.W.2d at 559; and (3) excess water, *Anderson*, 249 N.W.2d at 858; *Eppling*, 117 N.W.2d at 822; *Archer*, 30 N.W.2d at 93; *Thomas*, 272 N.W. at 79; *City of Ottumwa*, 143 N.W. at 440; *Harvey*, 105 N.W. at 959, we well as cases of inverse condemnation, *K & W Elec.*, 712 N.W.2d at 115; *Scott v. City of Sioux City*, 432 N.W.2d 144, 145 (Iowa 1988).