# IN THE COURT OF APPEALS OF IOWA

No. 19-1148
Filed September 2, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVE A. RUTLEDGE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Tama County, Andrew Chappell,

Judge.

Dave Rutledge appeals the order requiring him to pay restitution.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

On October 11, 2018, Dave Rutledge pled guilty to fraudulent practice in the second degree resulting from his fraudulent claim of unemployment benefits. *See* Iowa Code §§ 96.16(1), 714.10 (2017). On March 21, 2019, the court issued its sentencing order, which imposed a suspended five-year term of incarceration, three years of probation, and $14,778.65 in victim restitution. On April 10, Rutledge filed a "Motion for Restitution Hearing" challenging the amount of restitution. The court held a hearing on the motion on May 23. During the hearing, an investigator for Iowa Workforce Development testified Rutledge owed $12,851.00 in overpayments between 2012 and 2017 plus a penalty of $1927.65.[1] On June 11, the court issued its restitution order, which accepted the investigator's testimony and supporting documentation in keeping the amount of victim restitution at $14,778.65. The court also rejected Rutledge's argument that part of the victim restitution was barred by the statute of limitations. Rutledge appeals, asserting the court erred in not applying the statute of limitations.

"We review restitution orders for correction of errors at law." *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). In reviewing a restitution order, "we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001).

As an initial matter, the State argues Rutledge cannot appeal the determination of his restitution obligation because he did not timely appeal the

---

[1] *See* Iowa Code § 96.16(4)(b) (assessing "a penalty equal to fifteen percent of the amount of a fraudulent overpayment" of unemployment benefits).

March 21, 2019 sentencing order. The Iowa Code allows courts to issue supplemental restitution orders and defendants to challenge restitution at any time during probation, parole, or incarceration. Iowa Code §§ 910.3, .7. The State concedes Iowa courts have heard challenges to supplemental restitution orders on direct appeal. *See, e.g.*, *State v. Jose*, 636 N.W.2d 38, 44–45 (Iowa 2001); *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984); *see also State v. Blank*, 570 N.W.2d 924, 926 (Iowa 1997) ("To be considered an extension of the criminal proceedings, however, the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order."). However, the State asserts that under *Sahinovic v. State*, 940 N.W.2d 357, 359–61 (Iowa 2020), the time to appeal a supplemental sentencing order relates back to the entry of the original judgment. *Sahinovic* considered the effect of resentencing on an application for postconviction relief where the relevant statute of limitations requires the application "be filed 'within three years from the date the conviction . . . is final.'" 940 N.W.2d at 359 (quoting Iowa Code § 822.3). The court held that, for purposes of chapter 822, a conviction becomes final when judgment is entered on it, and resentencing does not create a new three-year period to seek postconviction relief. *Id.* The direct appeal of a restitution order is a distinct procedure that does not depend on when the conviction was "final" and is unaffected by *Sahinovic*.[2] *See*

---

[2] We also note that our supreme court recently held a defendant may not be entitled to appeal an interim restitution order entered as part of the initial sentencing. *See State v. Davis*, 944 N.W.2d 641, 646 (Iowa 2020) ("[T]here is no right of direct appeal from interim restitution orders preceding the court's final order of restitution . . . ."). Based on *Davis*, we conclude Rutledge was not obligated to appeal from the restitution amount set in the sentencing order, and he may not have even been permitted to do so. *See id.*

*id.* We follow our supreme court precedent allowing direct appeal of a restitution order as part of an extension of the criminal proceedings.[3] *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Turning to the merits of Rutledge's claim, Rutledge argues restitution is limited to the amount the State would be able to collect in a civil action and the applicable statute of limitations in a civil action only permits recovery within five years of filing charges. *See* Iowa Code § 614.1(4) (providing actions for fraud must be filed within five years). We agree section 910.1(3) and (4) limits the "pecuniary damages" that can be assessed as restitution to *amounts* a victim "could recover against the offender in a civil action." However, we cannot find such assessment is limited by the *procedures* for recovery in a civil action, as nothing in the statute suggests that the amount assessed as restitution in a criminal case is to be limited by procedures as if it were a civil action. *See Kruidenier v. McCulloch*, 158 N.W.2d 170, 172 (Iowa 1968) (noting legislative omissions are left to the legislature for correction). There are a number of procedural requirements for asserting a statute-of-limitations defense in a civil case for which there would be no clear way to follow within the framework of a criminal proceeding. *See, e.g.*, Iowa R. Civ. P. 1.419 (requiring affirmative defenses to be "specially pleaded"); *Earl v. Clark*, 219 N.W.2d 487, 491 (Iowa 1974) (holding the statute of limitations is an affirmative defense and the burden of proving the defense is on the pleader). Additionally,

---

[3] Because Rutledge properly filed a direct appeal of the restitution order, we reject the State's other procedural arguments that Rutledge filed an improper challenge to an illegal sentence and failed to file a motion in arrest of judgement to challenge his plea.

our supreme court has held "[a]ny damages that are causally related to the criminal activities may be included in the restitution order." *Bonstetter*, 637 N.W.2d at 165.

In this case, we need not decide the issue whether the civil statute of limitations applies to criminal restitution in general. This is because, even if we assumed for the sake of discussion that it did, Rutledge cannot rely on the limitation period set forth in section 614.1(4) as a defense against the State. "[I]n Iowa, it is well recognized that a statute of limitations does not run against the [S]tate unless specifically provided by statute." *Fennelly v. A-1 Mach & Tool Co.*, 728 N.W.2d 163, 168 (Iowa 2006). We are not aware of any statute specifically providing for the statute of limitations to apply to the State in this context, and Rutledge cites none. Therefore, applying the rule set forth in *Fennelly*, Rutledge cannot assert a civil statute of limitations defense successfully against the State.

Any unemployment benefits Rutledge fraudulently received have been established to be causally related to his fraudulent-practice conviction, and the investigator's testimony and supporting documentation is substantial evidence to support the $14,778.65 in victim restitution. Therefore, the court did not err in rejecting Rutledge's statute-of-limitations argument, and we affirm the restitution order.

**AFFIRMED.**