JOSEPH W. MCCARTNEY et ux., appellees, v. L. H. SCHUETTE, appellant.

No. 48092.

(Reported in 54 N.W.2d 462)

JULY 28, 1952.

REHEARING DENIED OCTOBER 17, 1952.

H. F. Martin, of Keokuk, for appellant.

Wm. Z. Hollingsworth, of Keokuk, for appellees.

THOMPSON, J.—Plaintiffs and defendant are the owners of adjoining premises, improved with private dwelling houses, in the city of Keokuk. Plaintiffs' petition, filed on September 24, 1951, alleges their property is known as 615 North Fourteenth Street, and that of the defendant as 1329 Franklin Street in said city; the defendant has erected a garage upon the rear of his premises adjacent to the home in which plaintiffs reside, in violation of section 439 of the Municipal Code of Keokuk of 1939, by reason of which plaintiffs' comfortable enjoyment of their property has been interfered with and their property damaged and rendered less valuable and that said garage is a nuisance. They pray it be so declared and its maintenance be enjoined and abated. In response to a motion to make more specific they amended by alleging "the violation of section 439 * * * was that part which states 'That no building permit shall be granted to erect any building within fifteen (15) feet of the property line adjoining any street in a strictly residential district without permission granted by resolution of the City Council.' "

Defendant answered, admitting the ownership and residence as set out in the petition; admitting the erection of the garage; denying that it was in violation of section 439, and it was a nuisance, or it interfered with the comfortable enjoyment of plaintiffs' property, or rendered it less valuable or damaged it in any way. He further denied the allegation in the petition that plaintiffs had told or requested him not to build the garage as located. The answer alleges that before commencing construction defendant procured a building permit from the city engineer and the city engineer surveyed the property and told the contractor where to locate the footings.

The answer then avers affirmatively that plaintiffs sat by and watched the erection of the garage and knew where it was

being built, and made no objection at any time that it was a nuisance, and were therefore estopped from complaining. Other allegations were made which are not important in the determination of this appeal.

I. The evidence shows without dispute that the city engineer issued a permit for the building of the garage, and he located the footings for it; and the contractor employed by defendant to do the work actually located the structure some inches farther from the line than the engineer's marking. There is also no dispute that the Keokuk city council did not, by resolution or otherwise, grant permission for the erection of the building, nor that it was in fact within less than fifteen feet of the property line. The validity of section 439 is not challenged, and while it is not part of a comprehensive zoning law, as was the case in Boardman v. Davis, 231 Iowa 1227, 1231, 1232, 3 N.W.2d 608, 611, we think the language there used is applicable. In that case also a building permit had been issued, although the building did not comply with the ordinance. Judge Oliver, for the court, said:

"The building permit afforded defendants no protection, because the location of the building clearly violated the zoning ordinance. Under the circumstances, it was proper for an adjacent property owner to maintain an action in equity to require the removal of said building."

II. It must be noted, however, that plaintiffs herein planted themselves squarely upon the claim of nuisance, resulting in lessening of their comfortable enjoyment of their property and damage to its value. Their prayer is that the garage be declared a nuisance and that it be enjoined and abated. The court placed its judgment upon its finding that a nuisance, as defined by section 657.1 of the 1950 Code of Iowa, had been created. It was the thought of the court that the violation of the ordinance, together with the harmful effect of the garage building in depriving plaintiffs of light, air and view, created an actionable nuisance. The doctrine of ancient lights, adhered to for many years in England, has been generally thought unsuited to conditions in the United States, and in most jurisdictions has been

repudiated. No action for interference with light, air or view, unless granted by express contract, is permitted in a great majority of the courts here. Whether our holding in the Boardman case, supra, that an adjacent property owner who bases his action upon the violation of a city ordinance may prevail extends far enough to cover one who relies upon the doctrine of nuisance, however, we do not decide. This case is ruled, in any event, by the holding in Division III hereinafter.

 III. The defendant pleaded an estoppel based upon the failure of the plaintiffs to protest or to advise him in any way of their objections when they saw the commencement, intermediate construction and completion of the garage. The burden here was upon defendant, but the evidence shows without substantial dispute that this defense is fully supported. The plaintiffs lived next door and must have known at all times of the building of the garage and its location upon defendant's lot. There is evidence that at various times both plaintiffs were on their porch, from which the operation was in full view. The plaintiff, Joseph W. McCartney, testified he went to the mayor to complain, but was told since a building permit had been issued nothing could be done. He does not claim he communicated his objections to the defendant in any way, and as far as this record shows he permitted the building to go to full completion without any protest to the owner or his contractor. He must have known, from his interview with the mayor, the defendant was relying upon his building permit and presumably thought he was acting within the law. There is also some evidence to the effect that many other garages had been built in the city of Keokuk in preceding years, since the enactment of ordinance section 439, upon the strength of building permits issued without resolution of the city council. That the defendant was in good faith in what he did, and had no knowledge of his violation, is not open to question.

Fair dealing under the circumstances here required something more from the plaintiffs than they did. It was peculiarly a case where they should have spoken. Not having done so, they have estopped themselves from complaining. They permitted the defendant to go to considerable expense in the erection of a

valuable building without advising him of their objections, although they knew what he was doing at all times. The general rule is thus stated in 31 C. J. S., Estoppel, section 88, page 306:

"Where a person stands by and sees another about to commit, or in the course of committing, an act infringing on his rights and fails to assert his title or right, he will be estopped afterward to assert it." See also 19 Am. Jur., Estoppel, section 133.

Minear v. Keith Furnace Co., 213 Iowa 663, 668, 669, 239 N.W. 584, 586, seems directly in point. We quote:

"The plaintiff lived on her premises. She saw the building in the course of erection upon the foundation. She knew that the Furnace Company believed, or assumed, that they were not encroaching upon her property. She permitted the building to be erected at a great expense * * *. She remained silent when she should have spoken. * * * Under such circumstances, the defendant is entitled to invoke, as against the plaintiff, the doctrine of estoppel."

No distinction in principle can be made between the Minear case, supra, and similar cases involving improvements placed, in error, across the rightful boundary line and upon property of another who knows what is being done and remains silent, and the plaintiffs' situation in the instant case. The defendant was not encroaching upon plaintiffs' title, but he was doing something which plaintiffs in this action say was an invasion of their rights in another respect, and which they assert gave them a right of action to abate a nuisance. If they had seen defendant, in good faith, placing part of his valuable improvement across the lot line and upon their property, the Minear case and many others hold they must then have spoken, or forever after hold their peace. There is no difference in that they saw him innocently violating a city ordinance and remained silent until the improvement was made. The law says that they are now estopped to complain, and we so hold. See also Herrick v. Moore, 185 Iowa 828, 169 N.W. 741; Helwig v. Fogelsong, 166 Iowa 715, 148 N.W. 990. In Hart v. Worthington, 238 Iowa 1205, 1220, 30 N.W.2d 306, which involved facts much like those in Minear v. Keith

Furnace Co., supra, the latter case was approved, and Herrick v. Moore, supra, was cited, quoted and likewise approved.

It should be noted that the city of Keokuk is not complaining and its right to enforce its ordinance is not involved.

For the reasons set out in Division III the cause is reversed. —Reversed.

All JUSTICES concur.