Frank Kellerhals et ux., appellants, v. Lloyd Kallenberger et al., appellees.

No. 50036.

(Reported in 103 N.W.2d 691)

June 14, 1960.

Messer, Hamilton & Cahill, of Iowa City, for appellants.

Walter F. Rismiller and Max Werling, both of Tipton, for appellees.

GARFIELD, J.—Plaintiffs, husband and wife, own and live in the dwelling on Lots 10 and 11, Block 46, in Tipton (1950 population 2633). Defendants, father and son, conduct a grain business on Lot 12, adjoining 10 and 11 on the north. Both properties face west on Cedar Street. For about two years before trial of this action defendants permitted operators of portable, motorized, hammer mill grinders to grind corn on their property for convenience of defendants' customers. Plaintiffs contended the noise and dust from the grinding constituted a nuisance which should be enjoined and they should have money damages therefor.

Following trial the district court found the operations complained of constituted a nuisance and enjoined them until defendants procure a proper permit from the city, evidently under ordinance 29, or the city removes its existing restrictions against engaging in any business or occupation dealing with the general public, without first securing a permit therefor, in the restricted residential district which includes Block 46. Defendants were permanently enjoined from permitting such grinding activities within 100 feet of plaintiffs' residence, unless there be a building between said activities and the residence, and were permanently enjoined from permitting such grinding within 80 feet of plaintiffs' residence, notwithstanding the presence of such building, and on Sundays, holidays or before 8 a.m. or after 5 p.m. on any day. Plaintiffs were dissatisfied with the relief granted and have appealed.

I. Since defendants have not appealed from the decree they are not entitled to a more favorable decision here. Robbins v. Beatty, 246 Iowa 80, 93, 67 N.W.2d 12, 19, and citations; Brutsche v. Incorporated Town of Coon Rapids, 220 Iowa 1295, 1301, 264 N.W. 696, and citations. See also 5 C. J. S., Appeal and Error, section 1498b, page 851.

II. Lots 10 and 11, owned by plaintiffs, have combined frontage of 100 feet on Cedar Street and depth of 142 feet. Lot 12, owned by the older defendant, has the same dimensions

as each of plaintiffs' lots—50 x 142 feet. Immediately north of Lot 12, between it and an east-and-west street north of Block 46, is an abandoned railroad right of way. The north side of plaintiffs' dwelling is 24 feet south of the line between Lots 11 and 12. Width of the abandoned right of way is not shown.

Plaintiffs contend grinding activities anywhere on Lot 12 or the abandoned right of way should be enjoined. Defendants say the effect of the decree is to enjoin such operations on Lot 12 and plaintiffs' petition does not specifically pray for an injunction except as to defendants' "said real estate." To this plaintiffs reply that their prayer "for general equitable relief" is sufficient basis for any relief to which the evidence shows them entitled.

We think plaintiffs should not be denied relief to which they are entitled under the allegations of their petition and the proof because of any claimed deficiency in the prayer of the petition. A prayer for general equitable relief is to be construed liberally. It will often justify granting relief in addition to that contained in the specific prayer provided it fairly conforms to the case made by the petition and the evidence. Henry Walker Park Assn. v. Mathews, 249 Iowa 1246, 1257–1259, 91 N.W.2d 703, 711, and citations; 71 C. J. S., Pleading, section 95c, page 240.

The essence of plaintiffs' petition is that the grinding operations on ground adjoining theirs constitutes a nuisance for which they are entitled to an injunction and money damages. The evidence is that all such grinding has been done on Lot 12. However, it is sufficient to support a finding it would constitute a nuisance if it were done on the abandoned railroad right of way, at least if within 150 feet of plaintiffs' north line—the north line of Lot 11. There is some indication defendants intend to permit the objectionable conduct on the abandoned right of way just outside the distance from plaintiffs' residence prescribed by the decree. This would seem to be an evasion of the spirit of the decree.

Although the trial court doubtless disposed of the case as he believed to be fair we are inclined to the view that defendants should be permanently enjoined from permitting the grind-

ing operations within 150 feet of the north line of Lot 11. At least this will make for greater certainty and tend to reduce future controversy between these adjoining owners.

III. Notwithstanding defendants' failure to appeal perhaps we should refer to the evidence and applicable law we think warrants somewhat broader relief than that granted by the trial court.

The principal objection to these grinding operations is the noise they make. Plaintiffs describe it as a terrible roar, just awful, very irritating. The husband testifies that during the grinding it is necessary to yell to carry on a conversation in their home, they cannot hear television or radio unless it is turned up so loud it is just screaming, they cannot understand what is said over the telephone, the noise bothers their four children of school age in studying, he cannot read or do book-work.

Plaintiffs also say the dust and dirt from the grinding is terrible, it is not possible to hang the laundry out on the line without getting it soiled, even though their windows and doors are closed the dust from the grinder gathers on the window sill.

Several neighbors fully corroborate plaintiffs. One lady who lives on the west side of Cedar Street a half block southwest of plaintiffs describes the noise as awful annoying, interfering with television and radio, making it impossible to sleep or rest. She says dust comes from the corn into her home if her windows are open and the wind is in the right direction. A man and wife who live about 250 feet south of plaintiffs refer to the noise as a roar that is very irritating and annoying, interfering with carrying on ordinary conversation in their home—especially in summer when they must open windows. A man who lives about two blocks away says he can hear the noise there. He and his wife considered trading for plaintiffs' property but dropped the matter when they heard the "awful roaring" noise.

It is true some residents of the area testify for defendants that the noise from the grinding does not annoy them. One

such witness admits the grinding is loud and at times bothers him and gets on his nerves although he says he is a nervous person.

Block 46 is included in the restricted residential district prescribed by ordinance 29 of the city and has eight residences on it. The only other commercial activity in the block is on the lot in the southwest corner thereof where the owner has a plumbing shop at the east (rear) end. There are some business establishments as well as residences in the block west and the one north of Block 46.

The trial court found the evidence convincing that the noise was loud, irritating and annoying, prevented proper rest, interfered with conversation, made it difficult to hear radio and television unless they were turned up loud, dust from the grinding came into plaintiffs' house and prevented hanging washing outdoors. Also that the grinding operations constituted a nuisance. Although our review is de novo these findings are entitled to weight, as we have so often said. Rhodes v. Rhodes, 251 Iowa 430, 433, 101 N.W.2d 1, 3.

Section 657.1, Code, 1958, provides: "Whatever is * * * offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof."

Code section 657.2 states: "The following are nuisances:

"1. * * * using any building or other place for the exercise of any trade, * * * which, by occasioning noxious exhalations, offensive smells, or other annoyances, becomes injurious and dangerous to the health, comfort, or property of individuals * * *."

These statutory enumerations do not modify the common-law rule applicable to nuisances. The term "private nuisance" refers to an actionable interference with a person's interest in the private use and enjoyment of his land. Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 720, 721, 82 N.W.2d 151, 157.

There is a rule similar to that of section 657.1,

heretofore quoted, that one must so use his own property as not to interfere unreasonably with his neighbor's comfortable and reasonable enjoyment of his property. To justify abatement of a claimed nuisance the annoyance must be such as to cause actual physical discomfort to one of ordinary sensibilities. Such an annoyance has been shown here. There is no basis for the conclusion plaintiffs are not of ordinary sensibilities. In this connection we have held it is presumed, in the absence of evidence to the contrary, that a plaintiff has ordinary sensibilities. In support of these views see Amdor v. Cooney, 241 Iowa 777, 783, 784, 43 N.W.2d 136, 141, and citations. See also 66 C. J. S., Nuisances, sections 8a, 18c.

"Noises may be of such a character and intensity as to so unreasonably interfere with the comfort and enjoyment of private property as to constitute a nuisance, and, in such cases, injury to the health of the complaining party need not be shown. [Citations]". Higgins v. Decorah Produce Co., 214 Iowa 276, 282, 242 N.W. 109, 112, 81 A. L. R. 1199, 1205.

"* * * noise may be a nuisance, even though such noise may result from the carrying on of a lawful * * * trade, in a town or city, but to have this effect, the noise must be excessive and unreasonable, producing actual physical discomfort and annoyance to a person of ordinary sensibilities. * * * The question whether noise constitutes a nuisance ordinarily is one of fact, and not of law, depending on all the attending or surrounding circumstances." 66 C. J. S., Nuisances, section 22, pages 772–774.

To like effect is 39 Am. Jur., Nuisances, section 47. See also Krocker v. Westmoreland Planing Mill Co., 274 Pa. 143, 117 A. 669, 23 A. L. R. 1404, and annotation, 1407; Tortorella v. H. Traiser & Co., 284 Mass. 497, 188 N.E. 254, 90 A. L. R. 1203, and annotation, 1207; Marshall v. Holbrook, 276 Mass. 341, 177 N.E. 504.

Testimony for defendants that the grinding does not make more noise than the ordinary operations of a grinding business does not render defendants immune from liability. Iverson v. Vint, 243 Iowa 949, 952, 953, 54 N.W.2d 494, 496; 66 C. J. S., Nuisances, section 14.

Further discussion of this phase of the case is deemed unnecessary.

IV. Plaintiffs prayed for money damages and were allowed $350. They contend this amount is inadequate and under the undisputed evidence they should have been awarded $840. Mr. Kellerhals testified the fair and reasonable rental value of their real estate, without this grinding going on, would be $60 per month, but such value is $25 a month under "conditions as they exist now with this grinding going on." (He also said the fair and reasonable market value of the real estate if there were no grinding would be $7000 but such value is $2500 as it now exists with the noise and dust.) Plaintiffs occupied the property themselves throughout the period in question.

A real-estate broker testified for defendants that the present market value of plaintiffs' property is $6700 and its fair and reasonable rental value $60 a month. On cross-examination he said he had no knowledge of the noise and, in effect, did not consider it in arriving at these opinions.

The grinding has been going on about two years but when it started "they" did not grind as much as during the summer of 1959, preceding the trial. "After they first started, the grinding continually got more frequent." The evidence of Mr. Kellerhals, above referred to, as to lessened rental value may fairly be taken to refer to conditions as they existed at the time of trial rather than throughout the two-year period.

Under our practice an action to enjoin a nuisance and recover damages therefor may be brought either in equity or at law. A plaintiff may choose either forum and secure the same relief. Rule 320, Rules of Civil Procedure; Friedman v. Forest City, 239 Iowa 112, 119, 30 N.W.2d 752, 756; Newton v. Grundy Center, 246 Iowa 916, 922, 70 N.W.2d 162, 165.

Where a nuisance is not permanent but subject to abatement, in the absence of injury to the property itself, the measure of damages is the diminution in rental value caused by the nuisance, together with such special damages as may result therefrom. Loughran v. City of Des Moines, 72 Iowa 382, 385, 34 N.W. 172; Shively v. The Cedar Rapids, I. F. & N. W. Ry. Co., 74 Iowa 169, 171, 37 N.W. 133, 7 Am. St.

Rep. :471; Vogt v. City .of Grinnell, 123 Iowa 332, 335, 98 N.W. 782; McGill v. Pintsch Compressing Co., 140 Iowa 429, 435, 118 N.W. 786, 20 L. R. A., N. S., 466; Stovern v. Town of .Calmar, 204 Iowa 983, 986–990, 216 N.W. 112; 39 Am. Jur., Nuisances, section 135. See also Duncanson v. City of Fort Dodge, 233 Iowa 1325, 1329, 11 N.W.2d 583, 585; Annotations, 142 A. L. R. 1307, 10 A. L. R.2d 669, 49 A. L. R.2d 253, 271.

The rule just stated applies even though plaintiff is both owner and occupant of his premises. Boyd v. City of Oskaloosa, 179 Iowa 387, 392–395, 161 N.W. 491. In the Loughran, Shively and Vogt cases, supra, the premises were also occupied by the owner.

Here no special money damages, as for discomfort, annoyance, sickness or loss of time, are pleaded or proven.

We cannot agree that the trial court was absolutely bound, nor are we, to accept the opinion of plaintiff Kellerhals as to the diminution of rental value. As previously stated, plaintiff did not say the rental value was diminished $35 per month during the entire period of two years. Further, the opinion of plaintiff as an owner must be considered as if it were that of an expert upon values.

It is well settled that the trier of facts is not absolutely bound by testimony of experts upon values, even when undisputed, but may use his own knowledge and judgment in connection with the testimony. Nicholson v. City of Des Moines, 246 Iowa 318, 323, 324, 67 N.W.2d 533, 536, and citations; In re Estate of Rorem, 245 Iowa 1125, 1132, 66 N.W.2d 292, 296, 47 A. L. R.2d 1089, and citations; Stovern v. Town of Calmar, supra, 204 Iowa 983, 990, 216 N.W. 112, cited by plaintiffs; 20 Am. Jur., Evidence, section 1208. Of course opinions of witnesses as to values may not be arbitrarily disregarded. Fowle v. Parsons, 160 Iowa 454, 456, 141 N.W. 1049, 45 L. R. A., N. S., 181; Henrich v. Oppedal, 248 Iowa 509, 515, 81 N.W.2d 429, 432.

The fact the court may not have accepted as conclusive the opinion of plaintiff Kellerhals, obviously an interested witness, does not warrant the conclusion it was arbitrarily re-

jected. After giving the trial court's finding on the amount of plaintiffs' damage weight to which it is entitled, we are not inclined to increase the sum allowed.

Nothing herein conflicts with anything said or held in Henrich v. Oppedal cited last above.

As modified in the respect stated in Division II hereof the decree is affirmed. The cause is remanded for such modified decree. Costs on appeal to be divided—two thirds to defendants, one third to plaintiffs.—Modified, affirmed and remanded.

All JUSTICES concur except OLIVER, J., not sitting.