H. A. ALCORN, appellant, v. WILLIAM LINKE and DALE D. LINKE,
appellees; William Linke and Virginia Janet Linke,
executors of estate of Dale D. Linke, deceased,
substituted appellees.

No. 51546.

(Reported in 133 N.W.2d 89)

FEBRUARY 9, 1965.

REHEARING DENIED APRIL 6, 1965.

J. R. McManus, of Des Moines, and J. R. Larson, of Atlantic, for appellant.

.Jones, Cambridge & Carl and Richard Howard, all of Atlantic, for appellees.

·   MOORE, J.—This is an equity action by plaintiff, H. A. Alcorn, seeking an injunction and damages alleging trespasses, nuisances and encroachments upon his land in Adair by defendants William Linke and Dale D. Linke. Defendants' cross-petition asks for damages and that title to certain land be quieted in them. From the trial court's decree denying plaintiff relief and quieting title in defendants to land not described in their deed, plaintiff has appealed. We do not agree with the decree entered. Dale D. Linke is now deceased and proper parties have been substituted. For clarity we will continue to refer to him as a defendant.

Many of the facts out of which this litigation grows are not in dispute. Prior to November 1948 Anna Foss, a widow, owned the following described real estate, located in the town of Adair:

The South 314 feet of the West 35 rods of the SW ¼ of the SW ¼ of Section 34, Township 78 North, Range 33, West of the 5th P.M.

In the fall of 1948, defendants and one William Baxter, as officers of Adair Motors, a corporation, were looking for property in Adair on which to erect a large garage and start an automobile business. They employed John A. Driscoll, Adair realtor of many years experience, who contacted Mrs. Foss regarding sale of part of her property. Measurements were made by Driscoll in the presence of William Linke, Mrs. Foss and her son Roy, following which Driscoll prepared a contract and later a deed which Mrs. Foss executed on November 15, 1948, before Driscoll as notary public.

That deed to Adair Motors conveys the following described premises:

Commencing at the Southwest corner of the SW ¼ of the SW ¼ of Section 34, Township 78 North, Range 33, West of the 5th P.M., running thence north 110 feet, thence east 75 feet,

thence south 55 feet, thence east 75 feet, thence south 55 feet, thence west 150 feet to the place of beginning.

Almost immediately thereafter Adair Motors started construction of a 40 x 100 foot garage building. It is referred to as the Butler building and was completed in the spring of 1949 after which Adair Motors moved in and started doing business.

Mrs. Foss's home was on the property not sold to Adair Motors. During the building construction, although quite frail, she was up and about her home property. She and her son Roy were aware of the building construction and the location thereof. They expressed no objections to its location.

Adair Motors operated the automobile business in this building until June 1951 when it was taken over by Mike F. Roof who thereafter and to the trial of this case operated the business as an individual under the trade name Roof Chevrolet Company. Many cars and buses were parked to the north and also east of the building during the operation of the business. A septic tank and an oil tank east of the building near the north end thereof were installed and used by the garage operators. A drainage pipe from the east side of the building near the south end was also in use for many years.

Adair Motors, by its president William Linke and Dale Linke secretary, on April 30, 1955, conveyed to William Linke and Dale D. Linke by warranty deed the garage property. The description used in this deed, which was recorded June 23, 1955, is the identical description in the deed from Mrs. Foss to Adair Motors.

Mrs. Foss died August 2, 1950. Under her will her real estate passed to her children Henry and Norene Foss. Later M. S. Noland was appointed guardian of their property.

Following certain probate proceedings a public auction was held at which plaintiff purchased the real property offered by the guardian. By probate deed dated October 26, 1956, the guardian, pursuant to court order, conveyed to plaintiff the property described in the probate deed as follows:

The South 314 feet of the West 35 rods of the SW ¼ of the SW ¼ of Section 34, Township 78 North, Range 33, West of the 5th P.M., in Guthrie County, Iowa, except a tract described as

634:

follows: Commencing at the SW corner of said SW ¼ of the SW ¼ running thence North 110 feet, thence East 75 feet, thence South 55 feet, thence East 75 feet, thence South 55 feet, and thence West 150 feet to the place of beginning.

Plaintiff had lived and practiced his profession as a veterinarian in Adair for over 50 years. He was familiar with the property involved here and its use before and after the construction of the garage building. He was not familiar with the boundary lines of the property purchased by him until after he received the deed and his abstract. He then concluded cars and buses were being parked north and also east of the north half of the garage and that the building and tanks encroached on his land.

Plaintiff testified he then protested to defendant William Linke about the parked vehicles and the encroachments and that, although Linke promised to have them removed, nothing was done except the oil was emptied from the tank and a new one installed near the southeast corner of the building. Later parking on part of his land ceased.

At the request of Dale Linke, Frank G. Mallette, a professional engineer and land surveyor, on September 30, 1957, made a survey of the property here involved. The following plat (Exhibit 31), drawn to scale, reflects most of his testimony and the results of his survey based on the description in the deed from Mrs. Foss to Adair Motors and its deed to defendants.

This plat also shows the Butler building is not built exactly parallel with the section lines or the lines described in the two deeds. The northeast corner of the building is 1.7 feet east of the line described in the deeds and gradually becomes less along the east side of the building. The overhang of the roof extends about a foot beyond the building itself.

Highway 6 (now 90) shown on the plat is 66 feet wide. The paved slab in the center thereof is 18 feet wide. As shown in the lower left of the plat a lead plug in the center of the pavement designates the SW corner Section 34-78-33. This Mallette used as his base point in making his survey. Along the south side of the property is an alley.

Plaintiff's petition, filed November 28, 1959, alleges owner-

ship of plaintiff's land adjoining that of defendants; the garage, septic tank, oil tank and drainpipe encroach on part of his property; oil and refuse were being discharged on his premises; offensive odors arose from a cesspool and drainpipe; rubbish and trash were being burned on his premises and oil in barrels east of the garage overflowed when it rained, resulting in an overflow of oil upon his land. He asked that defendants be enjoined from continuing to encroach, trespass and commit nuisances upon his property and for $3500 damages.

Defendants' answer, filed July 12, 1960, admits plaintiff owns property adjacent to theirs and alleges a garage building of a permanent type was constructed, a septic tank, toilet vents, oil tank, and connecting pipes were installed and used but that no trespasses or encroachments had resulted because defendants' real estate should be measured from the east side of the right-of-way on the west and from the north side of the road bordering their tract on the south and not from the southwest corner of the SW ¼ of the SW ¼ of Section 34-78-33. They also allege the boundary line between their property and that owned by plaintiff had been established by mutual consent, recognition and acquiescences of the owners for more than 10 years and that the garage building was constructed with the knowledge and consent of the adjoining landowner on land which defendants believed to be theirs, and alleges estoppel.

Their cross-petition repeats the allegations of their answer and asks that title be quieted in them to a tract described in the deeds but starting at the point as claimed in their answer.

October 19, 1962, defendants amended their answer and cross-petition by alleging their predecessor in title in 1948 became the equitable owner of a tract described as:

Beginning at a point on the north line of the East-West alley or street along the south line of the SW ¼ of the SW ¼ of Section 34-78-33, approximately 35 feet east of the Southwest corner of said Section 34-78-33, being the point where the North-South fence existing in 1948 on the East side of the roadway bordering the SW ¼ of the SW ¼ of Section 34-78-33 on the west (said fence line being a northerly extension of the fence line bordering the west side of the school grounds in the Town

of Adair, Iowa) intersected the north line of said East-West alley or street; thence North 110 feet, thence East 75 feet, thence South 55 feet, thence East approximately 115 feet to the fence bordering this tract on the East, thence South 55 feet, thence West to the point of beginning.

Defendants allege their predecessor acquired the above described property from Mrs. Foss since during the negotiation for the sale and purchase of said property it was pointed out and represented to their predecessor the measurements and dimensions were as set out in the above description and that through a mutual mistake the property conveyed to their predecessor was as described in the deed of November 15, 1948.

They allege plaintiff had interfered with use of the property, asked damages and that title to the parcel as described in their amendment to cross-petition be quieted in them.

Plaintiff's reply and answer to cross-petition as amended deny all new matters asserted by defendants.

The trial court's conclusions contain the following:

"The doctrine of adverse possession and of acquiescence cannot be applied in this case for the reason that both of them require the passage of time. In the doctrine of adverse possession the property must have been adversely possessed for a period of more than 10 years. The doctrine of acquiescence, being an equitable doctrine, is not strictly limited to the 10 years, but the courts have used the passing of more than 10 years as a basis for applying this doctrine. However, it appears to this court that the doctrine of estoppel as applied in the situation of this kind does govern the court's decision in this case. * * *

"The court is of the opinion that the doctrine of estoppel does apply in this case and that the plaintiff is not now entitled to assert his ownership to the land owned by the defendants in accordance with the line as originally measured out and established. Since the plaintiff is not entitled to assert his title to the property in question, he, therefore, is not entitled to recover any damages and his petition should be dismissed.

"The defendants are entitled to a decree quieting title according to the correct description as originally measured. The court is of the opinion that in the last answer and counterclaim

the defendants do give the correct description, and if so, the title to this land is quieted in the name of the defendants. * * *."

Defendants do not contend the doctrine of title by adverse possession or by acquiescence should be considered by us.

I. The trial court's decision is based on the doctrine of estoppel but the real result is the reformation of the contract between Mrs. Foss and Adair Motors, her deed to the corporation and its deed to defendants. The decree makes no specific reference to any reformation. This of course could hardly be done by the trial court or by us. No reformation of any of these instruments is sought by defendants' pleadings. The only mistake claimed relates to measurements made during the initial negotiations between Mrs. Foss and Adair Motors. Defendants' pleading and prayer for general equitable relief do not put in issue the question of reformation of these several documents.

We have frequently said a prayer for general equitable relief is to be construed liberally. However, the relief granted must be consistent with the pleadings and evidence and such as will not surprise the opposing party. Paintin v. Paintin, 241 Iowa 411, 413–415, 41 N.W.2d 27, 30, 16 A. L. R.2d 659; Henry Walker Park Assn. v. Mathews, 249 Iowa 1246, 1247, 91 N.W.2d 703, 711; Kellerhals v. Kallenberger, 251 Iowa 974, 977, 103 N.W.2d 691, 693. See also 19 Am. Jur., Equity, sections 226, 227; 71 C. J. S., Pleadings, section 95(c).

II. Plaintiff contends the trial court erred in considering testimony, particularly that of Driscoll, regarding the intent of the parties to the original transaction. Subject to plaintiff's objections that such evidence was incompetent, immaterial and irrelevant, the witness was not competent, and it was an attempt to establish by parol evidence facts contrary to or in violation of the terms of the deeds to Adair Motors and to defendants, testimony was received that Mrs. Foss and those representing Adair Motors understood and intended the measurements should start where the east edge of Highway 6 right-of-way intersects with the north edge of the alley and as measured.

We hold this evidence is not admissible under the record here and must not be considered.

The general principle is well established that the inten-

tion of the parties as evidenced by a clear, unambiguous written instrument cannot be varied by parol proof of a different intention, in the absence of some equitable grounds for intervention, such as duress, fraud or mistake. Van Husen v. Omaha Bridge and Terminal Ry. Co., 118 Iowa 366, 376, 92 N.W. 47, 51; Prenosil v. Pelton, 186 Iowa 1235, 1243, 173 N.W. 235, 237; Des Moines v. West Des Moines, 244 Iowa 310, 315, 56 N.W.2d 904; 906; 20 Am. Jur., Evidence, section 1102.

32A C. J. S., Evidence, section 978, page 463, states:

"Deeds. The rule that parol evidence is admissible to show a mistake in a written instrument has been frequently applied to deeds, most commonly in proceedings brought for the purpose of reformation or other proceedings in equity, but also in actions at law. * * *

■ *"It has been held, however, that where reformation of a deed is not sought, and the description of the property transferred is unambiguous, extrinsic evidence as to mistake in the description is inadmissible."* (Emphasis added.)

See also Smith v. Lanier, 202 Ga. 165, 42 S.E.2d 495, 497, and citations.

We have clearly indicated our adherence to this rule. Van Husen v. Omaha Bridge and Terminal Ry. Co., 118 Iowa 366, 377, 92 N.W. 47, 51, states:

"Its claim as we understand it, is: First, that parol evidence is admissible for the purpose of arriving at the intent of the parties, and, second, that it is admissible for the purpose of showing that the property in controversy was a fixture or improvement, which did not pass by the deed in question. No attempt was made in this case, or by any other action, to reform the deed hence that feature is out of the case. There being no uncertainty or ambiguity in the deed, parol evidence was not admissible for the purpose of showing the intent of the parties. To admit it under such circumstances would be contrary to well settled rules of law."

See also Prenosil v. Pelton, 186 Iowa 1235, 1243, 173 N.W. 235, 237; Hills Savings Bank v. Hirt, 204 Iowa 940, 947, 216 N.W. 281, 283, and citations.

■ III. Defendants pleaded an estoppel based upon the

failure of Mrs. Foss to protest or to advise them of any objection when she saw the commencement, immediate construction and completion of the garage. The burden of proof to establish estoppel rests on defendants. O'Dell v. Hanson, 241 Iowa 657, 664, 42 N.W.2d 86, 90; Snieders v. Brantsen, 245 Iowa 81, 86, 60 N.W.2d 779, 781; Trimpl v. Meyer, 246 Iowa 1245, 1248, 71 N.W.2d 437, 438.

19 Am. Jur., Estoppel, section 133, page 787, says of the theory of estoppel defendants rely upon:

"In most of the cases in which the doctrine of estoppel has been adopted, the money of the party alleging the estoppel has been applied to the making of tangible improvements; and it is a rule almost of universal application that one who stands by and sees another purchase land or enter upon it under a claim of right and permits such other to make expenditures or improvements under circumstances which would call for notice or protest cannot afterward assert his own title against such person."

See also 31 C. J. S., Estoppel, sections 88 and 94.

Herrick v. Moore, 185 Iowa 828, 832, 833, 169 N.W. 741, 742, states: "The theory of estoppel is that, where one has invaded the right of another, thinking he is within his own right, and that invasion is known to the other, and the other stands by and sees him make valuable improvements upon the invaded territory, under the supposition that it is a part of the possessions of the invader, equity will thereafter deny to the invaded the right to object to the invasion, and will not grant his prayer to have the improvements destroyed or removed, when such act would be greatly to the prejudice of the invader. This estoppel comes pretty near to the rule of adverse possession, though, by its application, one may be estopped though the ten years essential to adverse possession have not expired."

The same thought is also expressed in this way in Herrick v. Moore, supra, at pages 837, 838 of 185 Iowa, page 744 of 169 N.W.: "* * * should a property owner see his neighbor, in good faith, assume a line to be the true line, and act upon that assumption, and build valuable improvements, and he makes no objection, and consents to the neighbor's so doing, the law steps in and says: * * * 'You are estopped.'"

We have consistently applied these principles. We cite and use all or part of the above quotes in Minear v. Keith Furnace Co., 213 Iowa 663, 669, 239 N.W. 584, 587; Hart v. Worthington, 238 Iowa 1205, 1220, 30 N.W.2d 306, 314; Snieders v. Brantsen, supra, 245 Iowa 81, 85, 60 N.W.2d 779, 781, and Trimpl v. Meyer, 246 Iowa 1245, 1251, 71 N.W.2d 437, 440. See also McCartney v. Schuette, 243 Iowa 1358, 54 N.W.2d 462; Schauland v. Schmaltz, 252 Iowa 426, 107 N.W.2d 68.

■  Helwig v. Fogelsong, 166 Iowa 715, 724, 725, 148 N.W. 990, 994, states: "A fraudulent intention is not essential to the doctrine of estoppel. It is enough if a fraudulent effect would follow allowing a party to set up a claim inconsistent with his former declarations or conduct. Estoppel may arise from silence, as well as words, where there is a duty to speak, and the party on whom the duty rests has an opportunity to speak, and, knowing the circumstances, keeps silent."

See also Hart v. Worthington, supra, 238 Iowa 1205, 1219, 30 N.W.2d 306, 313, 314, and citations.

■  The record discloses Mrs. Foss knew the purpose for which the land was purchased by Adair Motors. The land was measured and her deed executed to convey land on which to build the garage. Construction was almost immediately started. The building and the septic tank installation took place in her full view and with her knowledge. Those in charge of the construction and installation believed it was being done on land purchased from her. She remained silent as did those who took title after her until plaintiff's complaints in 1957. A fraudulent result would follow if defendants were required to move the east wall of the garage and the septic tank which is east of the boundary described in defendants' deed. The location of the septic tank can now be best described by reference to the plat, exhibit 31. It is located approximately where the word "symbols" appears on the plat.

We hold defendants, in addition to the land described in their deed, are entitled to have quieted in them an additional parcel where the building and septic tank encroach. Under the doctrine of estoppel the north line should be extended 30 feet

642

farther east. Stated specifically defendants are entitled to a decree quieting in them the following described real property:

Commencing at the Southwest corner of the SW ¼ of the SW ¼ of Section 34, Township 78 North, Range 33, West of the 5th P.M., running thence north 110 feet, thence east 105 feet, thence south 55 feet, thence east 45 feet, thence south 55 feet, thence west 150 feet to the place of beginning. To this extent we affirm the trial court.

Defendants' claim to title by estoppel to additional land, as granted by the trial court, must be and is denied. The drainage pipe from near the southeast corner of the garage building was originally entirely on land included in the description of the deed to Adair Motors. It was extended by Roof on several occasions including one which occurred after plaintiff's purchase. It was done without plaintiff's knowledge or consent and resulted in considerable deposits of oil and debris on plaintiff's property. It created a nuisance. Roof's permitting water to overflow oil drums left on the east side of the garage resulted in more oil deposits on plaintiff's property. Trespass was committed on plaintiff's property by Roof's parking vehicles thereon. The extent of defendants' participation in these violations is not disclosed by the record. However, defendant William Linke in conversation with plaintiff acknowledged some control over the activities of his tenant Roof. Plaintiff is entitled to a decree enjoining defendants from interfering with plaintiff's use and enjoyment of his property as now determined. Under this record plaintiff is not entitled to damages against defendants.

The decree of the trial court is affirmed in part and reversed in part. This cause is remanded for entry of a decree consistent with this opinion. Costs of this appeal are taxed three fourths against defendants and one fourth against plaintiff.

Affirmed in part, reversed in part and remanded.

All JUSTICES concur.